Willard SMITH, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. 1100.

United States District Court
S. D. West Virginia,
at Huntington.

June 6, 1962.

Norman E. Rood, Huntington, W. Va., for plaintiff.

Harry G. Camper, U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action allegedly brought under 42 U.S.C.A. § 405(g) of the Social Security Act to review a final decision of the Secretary of Health, Education and Welfare. The defendant has filed a motion to dismiss on the grounds: that the complaint fails to state a claim upon which relief can be granted; that the court lacks jurisdiction over the subject matter; that this is an unauthorized suit against the United States; and that the proper venue for this action is in the District of Columbia. Affidavits in support of and in opposition to the motion have been filed, and plaintiff has also filed a motion to strike defendant's affidavit supporting the motion to dismiss.

The major point upon which defendant relies in support of its motion is that plaintiff has failed to exhaust his administrative remedy in that there has not been the "final decision" of the Secretary of Health, Education and Welfare which is a statutory prerequisite to judicial review. In short, defendant primarily maintains that this court cannot and does not have jurisdiction of this suit absent this final decision of the Secretary. Other deficiencies in the complaint are of

a formal nature and could easily be corrected by amendment; however, if the court does not have jurisdiction of the subject matter of this action, then amendment of the pleading deficiencies would serve no useful purpose.

In support of its motion defendant has filed the affidavit of Joseph E. McElvain, Chairman of the Appeals Council of the Office of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare. This affidavit shows that on October 12, 1960, a Hearing Examiner rendered a decision in plaintiff's case and mailed a copy of that decision to plaintiff. In the decision, the hearing examiner held that plaintiff's special insured status under the Social Security Act ended on September 30, 1957, and that plaintiff was not disabled within the meaning of the Act at any time that he had this special insured status and was thus not entitled to a period of disability or to disability insurance benefits. With the decision mailed to plaintiff went the following printed caveat:

*"Important Notice
Please Read Carefully*

"The attached decision or order on your claim under Title II of the Social Security Act will become conclusive unless request for review by the Appeals Council is filed within 60 days from date shown below, or unless reviewed by the Appeals Council on its own motion. Request for review may be filed by you (or on your behalf by your representative) at the nearest District Office of the Bureau of Old-Age and Survivors Insurance, Social Security Administration.

"This notice and attached copy of referee's decision mailed to claimant on Oct 12 1960."

The affidavit further states that no request for review of the decision has been filed; however, on November 4, 1960, plaintiff again filed an application for the same benefits which had been previously denied. Plaintiff's period of eligibility under the special statutory earnings requirements had expired on September 30, 1957, prior to the filing of the previous application. The Bureau of Old-Age and Survivors Insurance denied this new application and so notified plaintiff by letter dated May 1, 1961, which read in pertinent part as follows:

"You have already been notified that your previous application was denied because you were not disabled within the meaning of the law at any time up to and including the last date on which you met the earnings requirement. We have carefully reviewed the previous decision and find no basis for changing it. Since the last date you met the earnings requirements has not changed, your present application for disability insurance benefits must be denied. We are not deciding whether you are now disabled since this denial could not be affected by any present disability."

Plaintiff requested reconsideration by the Bureau of its determination, and was notified by letter dated June 27, 1961, that the application was again being denied after reconsideration. On June 30, 1961, plaintiff requested a hearing before a hearing examiner. On August 19, 1961, a hearing examiner issued an order dismissing the request for a hearing based on the application filed November 4, 1960, since the prior decision (of October 12, 1960) had found that plaintiff was not disabled at any time when he had the special insured status, and that additional evidence which had been submitted by plaintiff would not warrant any change in that decision.[1] On August 24, 1961,

---

1. This action by the hearing examiner was pursuant to regulation 4, section 404.-937, 20 CFR 404.937, 42 U.S.C.A.Appendix, which provides in pertinent part that:

"The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

"(a) Res judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or is-

plaintiff filed a request for review of this dismissal order. The Appeals Council denied the request for review on October 13, 1961, and sent a copy of that denial to plaintiff on October 16, 1961. This action was commenced on December 11, 1961.

The defendant's position on these facts is that, inasmuch as plaintiff did not file a request for review of the hearing examiner's decision of October 12, 1960, he did not exhaust his administrative remedies and there has therefore been no "final decision of the Secretary" as required by 42 U.S.C.A. § 405(g), from which plaintiff could seek judicial review.

Plaintiff has filed his own counter affidavit stating that he had no knowledge of the rules and regulations promulgated under the Social Security Act and did not understand or comprehend the same, and that at all times during his negotiations with the Social Security Administration he was without the benefit of legal advice or legal counsel. The affidavit further states that in 1954 he filed a claim for total disability benefits under the Social Security Act,[2] and that at all times he was advised and counselled by various employees of the Social Security office in Huntington, West Virginia, with respect to what he should do to support his claim for total disability benefits, and that he followed their advice. Plaintiff states that at no time was he advised or informed by the personnel of the agency that the filing of any form or application

subsequent to his initial application might or could be considered a waiver or failure to prosecute the original claim for total disability benefits. Plaintiff finally states that had he been informed as to the legal effect of his filing such forms or applications on his original claim, he would not have filed them in the manner recommended, but would have prosecuted the original claim and appeals thereof.

Plaintiff's argument first is that the use of a motion to dismiss is unavailable to defendant—that an examination of certain portions of 42 U.S.C.A. § 405(g) shows that the Secretary is limited in the instant action to filing an answer together with a certified copy of the transcript of the record. Plaintiff's brief goes on to state:

"For a court to summarily dismiss any claimant's action for Social Security benefits without such claimant and the Court having an opportunity to first inspect and review the proceeding and evidence would be tantamount to vesting in the Secretary the power to preclude such claimant and the Court from an examination of the record and evidence upon which the Secretary alleges it has made its determination. It is submitted that the insertion by Congress of the provision that this Court shall have power to enter upon the pleadings and transcript of the record a judgment shows its intention

sues *which has become final* either by judicial affirmance or, without judicial consideration, *upon the claimant's failure timely to request* reconsideration, hearing, or *review,* or to commence a civil action with respect to such determination or decision * * *." (Emphasis supplied)

2. This is in conflict with the allegations of the complaint (paragraph 4) wherein it is alleged that defendant erred in its denial of defendant's claim for disability insurance benefits" * * * for the period of time from or about the 13th day of March, 1957, up to and including the present date. * * *" That the 1954 date is probably a typographical error is borne

out by the fact that the statutory provisions for disability insurance benefits were not enacted until 1956, effective beginning in July, 1957, and no application could be filed therefor prior to October 1956. Although on September 1, 1954, the Social Security Amendments were enacted, providing for the establishment of a period of disability (as distinguished from disability insurance benefits), the enacting statute specifically provided that no application filed before January 1, 1955, should be accepted. 42 U.S.C.A. § 416(i) (2). Whatever the reason for the discrepancy between the date in the complaint and the date in plaintiff's affidavit, it is immaterial to the jurisdictional issue presently before the court.

that the Secretary shall when any claim is asserted produce for the claimant a transcript of the record."

On the facts in his counter affidavit, plaintiff contends that the government is bound by the principles of waiver and estoppel.

With the exception of the immaterial discrepancy in dates heretofore noted (footnote 2) the facts in defendant's affidavit are in no way controverted by plaintiff's affidavit.

■ Plaintiff's argument that a motion to dismiss is unavailable to the government in this situation is completely without merit. This court has jurisdiction of this case only by virtue of the statute conferring that jurisdiction, and "no findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C.A. § 405(h). If the statutory condition precedents to judicial review have not been honored, then the court has no jurisdiction of the case. In such a situation the Secretary need only show those facts which preclude judicial review, and a motion to dismiss is a proper vehicle to make such a showing.

■ Social Security Regulation No. 4, sections 404.945 and 404.946 (20 CFR 404.945 and 404.946) provide that if a hearing examiner has made a decision, any party thereto may request the Appeals Council to review such decision by filing a written request for such review within 60 days from the date of mailing notice of the hearing examiner's decision, except where the time is extended as provided in sections 404.612 or 404.954. (Section 404.612 has no application to this case. Section 404.954 provides that for good cause shown, the Appeals Council may extend the time for filing a request for review.)

Under the regulations and practice of the Social Security Administration, if the Appeals Council denies a timely request for review of a hearing examiner's decision, that decision thereupon becomes the "final decision" within the meaning of, and subject to the provisions for judicial review provided for in 42 U.S.C. § 405(g), the first sentence of which reads:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."

If the Appeals Council grants a request for review of a hearing examiner's decision, the subsequent decision of the Appeals Council, rendered after making such a review, constitutes the "final decision" within the meaning of the above-quoted portion of the Social Security Act.

Plaintiff here failed to follow the administrative procedure to obtain a final decision of the Secretary, which decision would then be amenable to judicial review. He failed to do this even though he was given ample notice of the required course of procedure, and the consequences of failure to follow that procedure. It does not appear of record what the employees at the Huntington office of the Social Security Administration told plaintiff—in his affidavit plaintiff sets out only what these employees did not tell him—and thus the waiver and estoppel arguments have not been properly raised. The court expresses no opinion as to the effectiveness of these arguments against the government had they been properly raised, or whether this court (rather than the administrative agency) would be the appropriate forum in which to raise them.

There is one other point in plaintiff's affidavit which merits brief discussion. The affidavit states, in part:

"that at no time was I advised or informed by the personnel of said agency (the Social Security office in Huntington, West Virginia) that the filing of any form or application sub-

sequent to my application of 1954 might or could be considered a waiver or failure to prosecute the original claim made by me for total disability benefits in 1954;"

This statement indicates that plaintiff still does not understand the position of defendant. Defendant makes no contention that the filing of subsequent applications constituted a waiver or failure to prosecute the first claim. The ground for this motion to dismiss is that no request for review was made within 60 days after mailing of notice of the hearing examiner's decision to plaintiff. The above-quoted portion of plaintiff's affidavit has no materiality at all to defendant's position in this case.

It should be noted also that the grounds assigned in support of plaintiff's motion to strike defendant's affidavit go only to the weight to be given that affidavit, and are not in any way relevant to a determination of whether that affidavit should be in the record. Plaintiff's motion to strike defendant's affidavit is denied. Defendant's motion to dismiss is granted.