**Elgie ADKINS, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

**No. 11625.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 11, 1968.

Decided March 6, 1968.

E. Carl Meadows, Jr., Beckley, W. Va. (Clay S. Crouse, Beckley, W. Va., on brief), for appellant.

Charles M. Love, III, Asst. U. S. Atty. (Milton J. Ferguson, U. S. Atty., and W. Warren Upton, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF and CRAVEN, Circuit Judges, and MERHIGE, District Judge.

PER CURIAM:

That this is a marginal social security case, difficult to resolve, is attested by its history. Twice the district judge reversed the Secretary and directed the entry of an award for claimant. Twice the Secretary moved for remand to consider further evidence, and on each occasion again denied disability compensation. Finally, on March 15, 1967, the

district court vacated its prior orders and granted the Secretary's motion for summary judgment. In doing so, we think the court erred.

Claimant Elgie Adkins, nearly 58 years old, was born March 27, 1910, and worked in the West Virginia coal mines from the age of 15 until August 15, 1960. He finished the third grade and is substantially illiterate. He has serious back trouble, suffering constant pain in his back, emphysema, silicosis, and unquestionably a nervous or personality defect, at one time diagnosed as a psychiatric condition including severe anxiety. For the reasons stated in the district court's unpublished letter opinions of August 16, 1965, and October 11, 1966, in addition to the narration of claimant's disabilities, briefly set out hereinabove, we think the district court on those occasions correctly decided that claimant could no longer engage in any substantial gainful employment. That claimant worked to some extent during 1964, does not, we think, constitute substantial evidence to the contrary. During that year claimant was hired by Burns Mining Company to do "gang" work. It appears from the record kept by the Secretary that persons engaged in "gang" coal mining are not paid either by the day or the hour, but that the "gang" is paid so much per car of coal dug out and loaded. It is piecework with the difference that the unit is obtained not by the work of the individual but by the work of the gang. The record is replete with testimony that claimant Adkins could not, and did not, carry his share of the gang work and was "carried" by other members of the gang connected to him by family ties. One of his co-workers testified that the claimant did only about one-third of the work that he should have done in the gang and that in doing so he constantly complained of his back, breathing and various ailments. Claimant's employer testified that he did not believe the claimant was "able to work at all but was just forcing himself to do what he actually did." When the claimant could not stand the gang work any longer, he worked briefly as the operator of a motor with the assistance of a helper who coupled and uncoupled the cars. Even in doing this job, which was apparently sedentary, with the help of the assistant, he had great difficulty with his back in getting in and out of the motor. We think these brief work experiences, both terminating in inability to continue, were themselves insufficient to invalidate the district court's prior valid conclusions that on the record viewed as a whole the claimant was incapacitated to perform substantial gainful employment. See Leftwich v. Gardner, 377 F.2d 287 (4th Cir. 1967).

On remand, the district court will enter an appropriate order.

Reversed.