**Woodrow LYALL, Plaintiff,**

v.

**Wilbur J. COHEN, Secretary Health, Education & Welfare, Defendant.**

**Civ. A. No. 68-C-93-A.**

United States District Court
W. D. Virginia,
Abingdon Division.

March 12, 1969.

Robert T. Winston, Jr., Norton, Va., for plaintiff.

William C. Breckinridge, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

The claimant, Woodrow Lyall, disagrees with a decision of the Secretary of Health, Education and Welfare which held that the claimant was entitled to a period of disability, commencing September 30, 1966, and disability insurance benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423, as amended, (Cum.Supp. 1969).[1] The claimant alleges that his disability commenced on June 6, 1964, and he requests this court to review the decision of the Secretary under section 205(g) of the Act, 42 U.S.C.A. § 405(g).

This decision of the Secretary is based on the claimant's third application for disability benefits under the Act. His first application, filed October 29, 1964, alleged disability as of June 4, 1964, due to heart trouble and a blood clot in his lungs. His claim was denied both initially and upon reconsideration, and the claimant then requested a hearing before a hearing examiner. The claimant was given a full hearing in November, 1965, and in a written decision dated January 22, 1966, the hearing examiner ruled that the claimant had not been under a disability at any time prior to the date of his decision. This decision of the hearing examiner was based on the following facts and reasoning.

The claimant, born in 1915, had worked as a coal miner in Southwest Virginia for about thirty years prior to 1964. On June 4, 1964, the claimant suffered a mild heart attack and was hospitalized for about three weeks beginning June 8. At that time his condition was diagnosed as arteriosclerotic heart disease and acute myocardial infarction (blood clot), but no other significant physical impairments were detected. A few weeks later he was again hospitalized after suffering a recurrence of chest pains, and it was discovered that the cause of this pain was a blood clot in his left lung. After treatment his condition improved and he was released from the hospital in August, 1964. Since that time his condition has been kept under control by anticoagulants and other medication. At the hearing in November, 1965, the claimant testified that he has avoided all strenuous activity, including work, since his heart attack, and that his condition had caused him little pain or difficulty. Although his doctors advised him that he could perform light work, he admitted that he had not attempted to find such work. In his decision the hearing examiner conceded that the claimant was incapable of returning to his former work in the coal mines, but nevertheless he thought that the claimant was capable of light but gainful work. This latter opinion was

---

1. So far as relevant to this decision, the term "disability" means—
    * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be ex-

pected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *.

42 U.S.C.A. § 423(d) (1) (A), as amended, (Cum.Supp.1969).

based on the testimony of a vocational expert present at the hearing, who suggested over twenty jobs, none requiring arduous physical labor or much reading or writing skills, which he thought the claimant was capable of performing. Some of these occupations were identified as existing in the general area of the claimant's residence. The claimant agreed that he was probably capable of such light work.

■ This decision of the hearing examiner denying disability benefits became the final decision of the Secretary when the claimant failed to request review by the Appeals Council of the Social Security Administration within the required sixty days. 20 C.F.R. §§ 404.940 and 404.946 (1969). If this decision of the hearing examiner were the subject of review in this proceeding—which it is not—this court would be required to affirm it under 42 U.S.C.A. § 405(g), since it is supported by substantial evidence. Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962).

■ The claimant filed a second application for disability benefits on June 20, 1966, which alleged disability as of June, 1964, due to heart trouble and a nervous condition. The only significant additional evidence submitted in support of the second application was a diagnosis of "anxiety neurosis" contained in a physician's report dated June 21, 1966, which did not elaborate on this finding. The claimant's nervous condition was not apparent during an interview with the claimant by a representative of the Social Security Administration, to whom the claimant admitted that his heart condition had improved somewhat and had not troubled him recently. These facts were not considered sufficient to establish a disability, and the claimant was so notified by letter dated October 11, 1966. This became the final decision of the Secretary when the claimant did not request reconsideration of the initial determination. 20 C.F.R. §§ 404.908 and 404.911.

■ In denying these two previous requests for disability benefits the Secretary has determined that at no time prior to the date of his second decision, October 11, 1966, was the claimant under a disability. Since in neither case did the claimant exhaust his administrative remedies, judicial review of these two previous decisions under 42 U.S.C.A. § 405(g), is precluded. 42 U.S.C.A. § 405(h); Smith v. Ribicoff, 206 F.Supp. 133 (S.D. W.Va.1962); Gianforti v. Ribicoff, 200 F.Supp. 450 (W.D.N.Y.1961); Marshall v. Fleming, 180 F.Supp. 464 (E.D.Va. 1960); Coy v. Folsom, 228 F.2d 276 (3rd Cir. 1955).

■ Consequently, the claimant's only recourse under the regulations of the Social Security Administration was to request the Secretary to reopen and reconsider his previous final decisions. 20 C.F.R. § 404.957. The claimant's third application, filed March 20, 1967, was considered as such a request by the hearing examiner whose decision ultimately became the final decision of the Secretary here under review. The hearing examiner noted that in the claimant's case the previous final decisions of the Secretary could be reopened only upon a showing of "good cause," 20 C.F.R. § 404.957 (b), which for present purposes means "new and material evidence" concerning the claimant's condition prior to October, 1966. 20 C.F.R. § 404.958(a); see also 20 C.F.R. § 404.966. The hearing examiner found that the additional evidence did not change the facts and issues relevant to the previous decisions, and relying on the doctrine of res judicata he refused to reopen and reconsider these decisions. This conclusion was correct. See James v. Gardner, 384 F.2d 784 (4th Cir. 1967); 20 C.F.R. §§ 404.937 and 404.966.

However, since the claimant met the special earnings requirements for insured status under the Act [2] through March 31, 1969, the additional evidence submitted by the claimant along with the previously considered evidence was eval-

---

2. 42 U.S.C.A. §§ 416(i) (3) and 423(c) (1), as amended, (Cum.Supp.1969).

uated in determining whether the claimant had become disabled since October 11, 1966. The Secretary initially determined that the claimant was under a disability since October 31, 1966. This decision was based on new medical evidence supplied by the claimant which revealed that in addition to his heart and lung ailments, he was suffering from chronic anxiety, and that his various somatic complaints indicated a general deterioration in his physical condition. Although this additional medical evidence consisted of reports of physical examinations given in March and May of 1967, apparently it was reasonable to assume that the claimant's disability existed as early as October, 1966.

Still insisting that his disability commenced in June, 1964, the claimant requested reconsideration of the initial decision, and succeeded in having the date of disability moved back to September 30, 1966.[3] This decision was affirmed by the hearing examiner and the Appeals Council.

In seeking judicial review of the latest decision of the Secretary, the claimant is in effect requesting this court to review and reverse the decision of the Secretary not to reopen his prior final determinations. Judicial review of such a decision is authorized *not* by 42 U.S. C.A. § 405(g), but by the Administrative Procedure Act, as amended, 5 U.S.C.A. §§ 701–706 (Cum.Supp.1969). Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966). Under 5 U.S.C.A. § 706, the applicable standard of review of such a decision is whether it was arbitrary, capricious, or an abuse of discretion. Upon reviewing the entire record we are convinced that the two prior decisions of the Secretary were supported by substantial evidence, and the additional evidence furnished by the claimant concerning his

condition in March and May of 1967 does not require a different conclusion. Hence, it is clear that the Secretary's decision not to reopen his previous determinations was not arbitrary, capricious, or an abuse of discretion.

Accordingly, the complaint is hereby dismissed, and summary judgment granted affirming the decision of the Secretary.

The Clerk is directed to send a copy of this opinion and judgment to counsel of record.

---

3. The inconsistency between this September 30, 1966 date of disability and the decision not to reopen the October 11, 1966 decision was noted by the hearing examiner, who explained it as a technical oversight and not the result of a decision to reopen and revise the October 11th de-

cision. This appears to be the case, and we decline to attribute to this inconsistency a clearly unintended significance, since in any event the October 11th decision is supported by substantial evidence.