James Ray FARMER, Plaintiff,

v.

Robert A. FINCH, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 69–C–107–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

June 23, 1970.

**662**

Robert T. Winston, Jr., Norton, Va., for plaintiff.

James G. Welsh, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION

WIDENER, District Judge.

Plaintiff, James Ray Farmer, has requested this court to review the final decision of the Secretary of Health, Education and Welfare as provided by section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The application under review was filed June 20, 1968, and is the third application filed by or on behalf of plaintiff. It alleges disability as of December 17, 1967, due to back trouble, mental condition, and infected right lung. The hearing examiner, in a brief written opinion, determined from the evidence that plaintiff was entitled to a period of disability as of December 17, 1967, and awarded disability insurance benefits accordingly, pursuant to sections 216(i) and 223, respectively, of the Social Security Act, 42 U.S.C. §§ 416(i) and 423.

Plaintiff's dissatisfaction arises from the hearing examiner's finding of disability as of December 17, 1967, the date alleged in the application under review, rather than November 24, 1966, the date of plaintiff's back injury.

## FACTS

The record discloses the following facts and circumstances. James Ray Farmer was born May 22, 1931, in Dick- enson County, and received a fourth grade education. He is married and resides with his wife in Clintwood. From the age of eighteen until November, 1966, he worked as a coal miner. On November 24, 1966, plaintiff injured his back when he was caught against a high wall by an auger bit. Plaintiff testified at the hearing that subsequent to his back injury he tried to return to work in the mines, but was able to stay no longer than thirty minutes before he had to quit. He testified that he also had two construction jobs driving Euclid dump trucks, neither of which he was able to hold longer than a month due to his back and nerve condition. Plaintiff was last engaged in any substantial gainful activity on December 17, 1967, the date he quit driving trucks.

Plaintiff's first application for disability benefits was filed by his wife on April 20, 1967, alleging disability as of November 23, 1966, due to a mental condition. Plaintiff himself filed a second application on June 1, 1967, alleging disability as of November 24, 1966, due to mental illness. Both applications were denied by the bureau of disability insurance benefits by a letter addressed to plaintiff dated June 6, 1967. That became the final decision of the Secretary when plaintiff did not request reconsideration of the initial determination. 20 C.F.R. § 404.908.

## MEDICAL EVIDENCE

The medical evidence before the Secretary at the time the two initial applications were denied consisted of three reports.

The first report, based on plaintiff's hospitalization from December 4, 1966 to December 10, 1966, was the discharge summary by Dr. Henry, who was plaintiff's treating physician during that time. It was noted that plaintiff was admitted and treated for alcoholism, having had a history of drinking around ten days prior to admission. Final diagnosis was: Ethanolism (alcoholism), chronic and acute, pulmonary tuberculo-

sis suspected, gastroenteritis, chronic due to ethanolism.

The second was a psychiatric report by Dr. Pierce D. Nelson, dated December 13, 1966. The diagnosis of plaintiff's psychiatric condition was that of psychoneurotic disorder with anxiety and depression.

The third report was made by Dr. Joseph Blalock, Superintendent, Southwest State Hospital at Marion, Virginia, dated April 27, 1967, in which Dr. Blalock diagnosed plaintiff's condition as psychoneurotic reaction, anxiety reaction. Plaintiff had been furloughed on April 6, 1967, only a few days before the report, and Dr. Blalock's prognosis for plaintiff was "guarded".

Additional medical evidence was submitted between the time of filing of the third application for disability benefits on June 20, 1968, and the date of the hearing examiner's decision on July 24, 1969. The additional medical reports were:

First, a report to Virginia State Department of Vocational Rehabilitation dated September 26, 1968, from Dr. Ralph D. Hess at Grundy Hospital, Grundy, Virginia, noted a history of low back injury suffered in a mining accident some three years earlier. Dr. Hess made diagnoses of: (1) chronic low back strain; (2) psychoneurosis, anxiety state, moderate severe; (3) chronic pneumonitis, left lung base of undetermined etiology.

Second, a report to the Virginia State Department of Vocational Rehabilitation dated January 29, 1969, from Dr. Tillou Henderson at Clinch Valley Clinic Hospital, Richlands, Virginia, noted plaintiff's extreme nervousness and his subjective complaints of back and leg pain. The report noted that plaintiff guarded the movement of his back. X-ray studies revealed a tumor on the left femur, which was thought to be benign, as well as a little scoliosis toward the left at the L-3 vertebra. Dr. Henderson stated that he found nothing of a disabling nature.

Third, a report to the Virginia Department of Vocational Rehabilitation, dated February 3, 1969, is the one most favorable to plaintiff. It was made by Dr. Marshall D. Hogan, a psychiatrist. Dr. Hogan stated in part:

"The clinical opinion is that whatever type and degree of muscular skeletal impairment this man suffers from, that he also suffers from a passive, dependent type of personality disorder, chronic, severe. He has a past history of alcoholism. To give him the benefit of the doubt, I will say that the patient himself firmly believes that he is, in fact, disabled and is appropriately anxious and depressed because of the consequent difficult financial situation he is in. His aim and determination is to prove that he is, in fact, disabled and to obtain disability benefits for this. He is not a candidate for any form of psychotherapy nor would hospitalization be of help to him. The prognosis for his ever again being a self-sufficient individual is poor. He is competent to handle his own funds."

Fourth, an X-day report by Dr. J. M. Straughan, dated February 27, 1969, revealed an essentially normal alignment of the lumbosacral spine and intact interspaces. There was a slight pelvic tilt to the left. The impression was an essentially normal appearing lumbosacral spine.

Fifth, a report by Dr. James G. McFaddin, dated April 2, 1969, noted that routine X-rays of the lumbosacral spine revealed normal alignment and normal disc spaces. Dr. McFaddin diagnosed plaintiff's condition as disc syndrome and suggested hospital care and mylographic studies.

Sixth, a report from Dr. Panos G. Gregoriou, dated April 25, 1969, to plaintiff's attorney indicated three problems: (1) Anxiety and depression relating to mining accident three years ago; (2) "Slipped disc" and sciatic nerve involvement; and (3) tumor on left femur. Both Dr. Gregoriou and Dr. Thomas H. Kuhnert, who also made a report to plaintiff's attorney, expressed

the opinion that plaintiff was then disabled and would continue to be so for another six to twelve months.

## PERIOD FROM NOV. 24, 1966–JUNE 6, 1967

The Secretary, in denying the two initial requests for disability benefits on June 6, 1967, considered only the original three medical reports and determined that at no time before June 6, 1967, the date of the letter denying such benefits, was the plaintiff under disability. As this court pointed out in the recent case of Lyall v. Cohen, 297 F.Supp. 606, 608 (W.D.Va.1969), involving similar circumstances, judicial review of the previous decision of the Secretary by this court is precluded for the reason that plaintiff has failed to exhaust his administrative remedies. 42 U.S.C. § 405(h); Coy v. Folsom, 228 F.2d 276 (3rd Cir.1955); Marshall v. Fleming, 180 F.Supp. 464 (E.D.Va.1960).

■ Having failed to exhaust his administrative remedies, the plaintiff, in filing his third application, should have requested the Secretary to reopen and reconsider that decision pursuant to the regulations of the Social Security Administration. 20 C.F.R. § 404.957.[1] That regulation provides for the reopening of a final determination by the Secretary upon a showing of the requisite "good cause." The term "good cause" for our purposes is defined as "new and material evidence." 20 C.F.R. § 404.958.

The Secretary awarded the plaintiff exactly what he asked for in his third application, that is, disability benefits from December 17, 1967.

The plaintiff does not complain about any failure of the Secretary to reopen, and the court presumes no such request was made. Absent reopening, relitigation of the question of disability between November 24, 1966 and June 6, 1967 is precluded by the doctrine of *res judicata*. Salyers v. Celebrezze, 214 F. Supp. 834 (W.D.Va.1962). *See* Domozik v. Cohen, 413 F.2d 5 (3rd Cir.1969); Lyall v. Cohen, 297 F.Supp. 606 (W.D. Va.1969).

## PERIOD FROM JUNE 6, 1967–DEC. 17, 1967

■ With respect to the period of time from June 6, 1967 to December 17, 1967, which is properly reviewable by the court pursuant to 42 U.S.C. § 405(g), the record discloses that plaintiff worked at two jobs briefly, leaving each due to his back and nerve condition. The hearing examiner determined from the evidence that plaintiff became disabled on December 17, 1967, the date he last worked. In fact, plaintiff himself alleged in his disability application of June 20, 1968 that he became disabled on that date. The question before this court on review is not whether it would be reasonable to choose any other date as the date of disability, but whether the date of disability as determined by the hearing examiner is supported by substantial evidence. The court is mindful of the line of cases which holds that a wage earner may be totally and permanently disabled even though he continues to work, and that under such circumstances he should not be deprived of disability benefits. Adkins v. Gardner, 392 F.2d 184 (4th Cir.1968); Leftwich v. Gardner, 377 F.2d 287 (4th Cir.1967). However, the fact that plaintiff worked while under an alleged disability may be evidence that he is able to engage in substantial gainful activity. Canaday v. Celebrezze, 367 F.2d 486 (4th Cir. 1966); Marshall v. Gardner, 298 F. Supp. 542 (S.D.W.Va.), aff'd 408 F.2d

---

1. That regulation provides, in pertinent part:
   "An initial * * * determination of the Administration * * * which is otherwise final under § 404.908 * * * may be reopened:
   "(a) Within twelve months * * *

   "(b) After such 12-month period but within 4 [four] years after the date of the notice of the initial determination * * * to the party to such determination, upon a finding of good cause for reopening such determination or decision * * *."

883 (4th Cir.1969). The record discloses that plaintiff's disability is the combination of a number of ailments including his back injury in 1966, worsening of his nerve condition since his back injury, and a tumor on his leg discovered in January, 1969. The evidence also shows that plaintiff suffered from alcoholism in 1966, a condition which has been held not disabling under the Act. Roberts v. Gardner, 396 F.2d 501 (4th Cir.1968). It was reasonable for the hearing examiner, upon consideration of all the evidence, to conclude that plaintiff became disabled as of December 17, 1967. In the opinion of the court, the determination made by the hearing examiner is supported by substantial evidence and therefore must be affirmed.

Accordingly, an order is this day entered denying the motion of plaintiff for summary judgment and granting the motion of defendant for summary judgment.