Owen C. LEVINER, Appellee,

v.

Elliott L. RICHARDSON, Secretary of
Health, Education and Welfare,
Appellant.

No. 14898.

United States Court of Appeals,
Fourth Circuit.

Argued March 2, 1971.

Decided June 8, 1971.

Raymond D. Battocchi, Atty., Dept. of Justice (William D. Ruckelshaus, Asst. Atty. Gen., and Carl Eardley, Acting Asst. Atty. Gen., and Kathryn H. Baldwin, Atty., Dept. of Justice, and Joseph O. Rogers, Jr., U. S. Atty., on brief) for appellant.

James B. Stephen, Spartanburg, S. C., for appellee.

Before BOREMAN, WINTER and BUTZNER, Circuit Judges.

WINTER, Circuit Judge:

In a series of decisions we have recognized the applicability of the doctrine of administrative *res judicata* to the Secretary's determination that various claimants are not entitled to Social Security disability benefits.[1] In each of these cases the prior administrative determination, treated as a bar to later proceedings, was made after a hearing at the administrative level. In the instant case, we consider whether the doctrine applies when the administrative determination becomes final without a hearing. The district court, relying upon Gilliam v. Gardner, 284 F.Supp. 529 (D.S.C. 1968), which was not appealed, held that *res judicata* "should not attach until there has been a hearing." Leviner v. Finch (D.S.C.1970). We disagree, and we disapprove *Gilliam*. We conclude, however, that the district court must conduct further proceedings to determine whether *res judicata* is applicable under the facts of this case.

I

On November 8, 1965, claimant filed an application for disability benefits, alleging an inability to work sometime in June, 1965. Apparently unreal-

---

1. James v. Gardner, 384 F.2d 784 (4 Cir. 1967), cert. den. sub nom. James v. Cohen, 390 U.S. 999, 88 S.Ct. 1205, 20 L.Ed.2d 99 (1968); Grose v. Cohen, 406 F.2d 823 (4 Cir. 1969) (dictum); Easley v. Finch, 431 F.2d 1351 (4 Cir. 1970);

Hughes v. Finch, 432 F.2d 93 (4 Cir. 1970). In *Grose* we concluded that the doctrine should not bar reopening where the original determination was clearly erroneous, but we explicitly recognized the general rule.

ized by claimant, his insured status had expired on December 31, 1963. Claimant's application is not in the record before us and we do not know what medical evidence he may have submitted to substantiate his claim.[2] The claim was denied because claimant's insured status had expired on December 31, 1963, but the Secretary quite properly undertook to adjudicate claimant's rights up to the expiration of his insured status rather than deciding only the precise claim of inability to work in 1965.[3] The notice of denial of his claim adequately set forth claimant's right to reconsideration. It told him that he might request reconsideration within six months from the date of the notice, where to make the request, and that he should submit additional evidence which might be available with his request.[4] Although claimant was also sent a leaflet setting forth a further explanation of his rights, he failed to request reconsideration within six months. Under the regulations, this failure constituted an abandonment of the right of hearing.[5]

More than six months after this denial, claimant filed a second application alleging disability in July, 1965. This application was denied, both because claimant's insured status expired on December 31, 1963, and because there was no reason alleged to change the prior determination. Claimant requested reconsideration of this determination and, on February 15, 1967, the Reconsideration Division affirmed. Claimant made no request for a hearing.

On June 19, 1968, claimant's wife filed a third application for her husband, alleging disability about June, 1964. This application was denied on the basis of administrative *res judicata* [6] and was denied on reconsideration. No further action was taken on this application.

Finally, on January 3, 1969, claimant filed a fourth application, alleging inability to work in May, 1961, as a result of an automobile accident. The application was denied initially and on reconsideration on the basis of administrative *res judicata*. This time claimant requested a hearing. The hearing examiner, who evidently had access to the records of the previous applications not included in the record before us, reviewed claimant's medical history. He stated, "[d]espite the claimant's current allegation that he was disabled in 1961,

2. A subsequent hearing examiner's order denying a request for a hearing recited that the determination of the first application noted that claimant was hospitalized from January 24, 1955, to March 8, 1955, after an automobile accident, and again from September 16, 1965, to October 21, 1965.

3. The notice to claimant, dated February 4, 1966, stated:
 After studying all of the facts in your case and the medical evidence and considering your statements, age, education, and experience, we find that your condition was not disabling within the meaning of the law on any date through December 31, 1963.

4. The notice correctly summarized claimant's rights under the Secretary's regulations codified in 20 C.F.R. So far as pertinent, § 404.908 constitutes an initial determination "final and binding upon the party or parties" unless reconsideration is requested. Sections 404.904 and 404.910 confer a right to reconsideration, without

waiver of the right to a hearing; § 404.911 requires a written request for reconsideration to be filed at a social security office within six months from the date of mailing of the notice of the initial determination.

5. A determination on reconsideration, if one is requested, is also made "final and binding on all parties," unless a hearing is requested. 20 C.F.R. § 404.916. Section 404.917 grants a right to a hearing to an individual, making a written request therefor, only if he has sought and obtained an initial determination and a reconsideration of an initial determination.

6. The Secretary's regulations do not speak of *res judicata* except as a ground for dismissal by a hearing examiner at the hearing stage. 20 C.F.R. § 404.924. However, 20 C.F.R. § 404.908 constitutes an initial determination "final and binding on the party or parties" unless it is reconsidered or revised. This is tantamount to administrative *res judicata*.

there is still no medical evidence that claimant was treated for anything after March 8, 1955, and before September 16, 1965." He noted that, during his 1965 hospitalization, claimant had been diagnosed as being emotionally unstable but free from significant psychiatric impairment. He noted also that claimant had again been hospitalized from November 13, 1967, to May 1, 1968, because of depressive reaction, that a hospital report indicated that claimant may have had a chronic brain syndrome because of head trauma "many years ago" but that up to 1965 he had made "a very satisfactory social and economic adjustment apparently insofar as he was concerned." The report stated that claimant was capable of resuming his former activities. Finally, the hearing examiner stated that claimant was hospitalized in May and June, 1968, but a hospital note from that period recited that he was considered "employable."

The hearing examiner concluded to dismiss claimant's request for a hearing on the basis of *res judicata*: [7]

> All the evidence in the file leads to the conclusion that there is no reason to reopen the former determinations and redeterminations, and that the initial determination of January 1966 which was announced to the claimant in the letter of February 4, 1966, is res judicata of the claimant's rights to disability insurance benefits. No new and material evidence of claimant's condition through December 31, 1963, has been furnished.

Claimant then obtained counsel for the first time, and sought review from the Appeals Council.[8] Through counsel, he tendered a letter from a vice president of a bank, a social worker's report and two letters from a physician who had treated him since August 13, 1968. The bank officer wrote that claimant had suffered a back injury in an automobile accident and that he had been unable to work at unspecified times due to frequent illness. The social worker, who noted that her information might not be reliable, recounted part of claimant's medical history. The first letter from the doctor stated that claimant said that he had been able to work from about 1950 until 1965 in spite of a severe head injury in 1943. In the second letter, the doctor stated that he had misunderstood his patient earlier and that the claimant said that his work capacity was greatly limited in 1962 as a result of the accident, that he spent thirty days in traction, and that he could not work at all in 1963 as a result of severe headaches, back pains and other ailments. Relying in part on claimant's revised statement, the doctor expressed the view that claimant suffered psychiatric impairment to the point of disability in 1963.

The Appeals Council declined to disturb the hearing examiner's dismissal of the request for a hearing and stated that the initial denial of the claim, dated February 4, 1966, stood as the final determination of the Secretary. Claimant's counsel then requested the Appeals Council to receive in evidence written statements from the claimant that he had not performed any "meaningful" work since 1962 and from his neighbor that claimant had not transacted any significant business (as proprietor of a garage and junk yard) "after 1962 or

---

7. The applicable regulation is 20 C.F.R. § 404.937, which reads:

The hearing examiner may, on his own motion dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res judicata*. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision.

8. The procedure for review by the Appeals Council, including the proffer and consideration of additional evidence, is prescribed by 20 C.F.R. §§ 404.945–404.950.

1963." The Appeals Council considered the statements but still declined to alter the February 4, 1966, determination.

 Suit was then filed in the district court. When the Secretary moved for dismissal, the district judge denied the motion and remanded the case to the Secretary for hearing.[9]

## II

 Our previous decisions applying the doctrine of administrative *res judicata* speak for themselves.[10] In each case there had been an administrative hearing. The sole legal question in this case is whether the doctrine of *res judicata* is applicable where no hearing was requested on the prior claim so that the Secretary's determination became final without a hearing. The only Court of Appeals which has considered the question is that of the Third Circuit. In Domozik v. Cohen, 413 F.2d 5 (3 Cir. 1969) (per curiam), it was held that where a claimant filed an application for disability benefits which was denied on the ground that disability was absent on the terminal date of his insured status and where the claimant failed to exercise his right to reconsideration and to a hearing, the denial was nevertheless *res judicata* of a subsequent application for the same benefits on the same grounds. We agree. We also agree with the Third Circuit's disapproval of Gilliam v. Gardner, 413 F.2d at p. 8, n. 9. It should be no longer be considered a controlling precedent in this Circuit. The rule we now adopt has been applied in the Western District of Virginia. See Salyers v. Celebrezze, 214 F.Supp. 834 (W.D.Va.1962); Lyall v. Cohen, 297 F. Supp. 606 (W.D.Va.1969); and Farmer

v. Finch, 314 F.Supp. 661 (W.D.Va. 1970).

## III

Having stated the general rule, we turn to the disposition of this case.

In Grose v. Cohen, *supra,* we said that the doctrine, as applied to administrative decisions, "is not encrusted with the rigid finality that characterizes the precept in judicial proceedings." 406 F.2d at 824. We added that "practical reasons may exist for refusing to apply it" and "when traditional concepts of *res judicata* do not work well, they should be relaxed or qualified to prevent injustice." 406 F.2d at 825. Specifically in *Grose* we concluded that administrative *res judicata* should not apply where the Secretary's own regulations do not require administrative finality. We called attention to 20 C.F.R. § 404.957 which permits an administrative determination to be reopened within four years after the date of the notice thereof "upon a finding of good cause for reopening," and to 20 C.F.R. § 404.958 which defines "good cause" to include, *inter alia,* error in the determination or decision apparent on the face of the evidence on which it is based. We held that "[w]hile the regulation is couched in terms of reopening a decision otherwise final, it also serves to identify decisions that should not be interposed to deny subsequent applications. A decision that is subject to being reopened provides an inappropriate bar." 406 F.2d at 825.

 "Good cause" for reopening under 20 C.F.R. § 404.957 is also defined by 20 C.F.R. § 404.958 to exist where "[n]ew and material evidence is furnished after notice to the party to the

---

9. Although the Secretary's motion was entitled a motion to dismiss, it was supported by an affidavit and exhibit. It was, therefore, proper for the district judge to treat the motion as a motion for summary judgment. Rules 12(b) and 56, F.R.Civ.P. There is authority for granting summary judgment against the moving party in an appropriate case. 3 Barron & Holtzoff, Federal Practice and Procedure § 1239 (Wright's Ed.1958).

In any event, the action was one of statutory review under 42 U.S.C.A. § 405(g) which authorized the district court to enter a judgment affirming, modifying or reversing the Secretary's decision, with or without remand for hearing. See Choratch v. Finch, 310 F.Supp. 1202 (W.D.Pa.1970); Sweeney v. Gardner, 277 F.Supp. 622, 626 (D.Mass.1967).

10. See citations in ft. 1.

initial determination." A prior administrative determination should not, therefore, be *res judicata* where new and material evidence is offered which is of sufficient weight that it may result in a different determination.[11]

■ In the instant case, claimant's notice of the denial of his original application was dated February 4, 1966. Within four years thereafter, claimant made two additional applications and a third was made in his behalf. Various representations were made by claimant and others were made on his behalf by his wife and by his counsel. Except for copies of communications from the Secretary to claimant and the statements furnished the Appeals Council by his counsel, none of the applications and the supporting data were produced for the district judge. The only references to what transpired before are set forth in an affidavit in support of the Secretary's motion to dismiss in the district court, recounting the history of the administrative proceedings, and in the opinion of the hearing examiner dismissing the request for the hearing. The latter, while characterizing and quoting from some of the supporting data, does not purport to summarize it.

Whether what was proffered in support of the present application may be deemed "new and material evidence" sufficient to result in a different determination cannot be decided in the abstract. It can be judged only after comparison with what was offered in support of the initial application.

Thus, we conclude that summary disposition by the district judge on the ground that administrative *res judicata* could not apply was improper. Administrative *res judicata* may apply, but it may equally well not apply if the new evidence proffered might result in a different determination. In order to decide, the district judge should have required the record of all of the prior proceedings to be adduced, and proceeded to make that determination.

■ Finally, we reject claimant's argument that the record shows that as a result of mental illness, he lacked the mental capacity to make a judgment not to seek reconsideration or a hearing and that *res judicata* should not, therefore, apply. Our rejection is based, not on the legal premise of the argument, but upon the fact that the present record, while containing some suggestions of mental illness, does not show mental illness of an incapacitating degree at the time that claimant's decisions not to pursue his rights to reconsideration and hearing were made. We decide the point, however, without prejudice to its consideration by the district judge if additional and more specific evidence of mental illness is contained in the complete record of all of the prior proceedings to be adduced, or to the right of the claimant to institute further proceedings before the Secretary if he can adduce other independent evidence of such a condition.

We reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

---

11. Because we treat claimant's latest application as a new application rather than as a petition for reopening of a prior determination, we need not determine the reviewability of denials of petitions for reopening. The problem is discussed in Cappadora v. Celebrezze, 356 F.2d 1 (2 Cir. 1966).