Kenneth E. BOLES, Petitioner,

v.

Elliot L. RICHARDSON, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 70–C–59–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

July 1, 1971.

William J. Sturgill, Greear, Bowen, Mullins & Winston, Norton, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

OPINION and JUDGMENT

DALTON, Chief Judge.

This Court has jurisdiction of this Social Security disability claim pursuant to 42 U.S.C. § 405(g). The claimant, Kenneth E. Boles, was born October 2, 1915 and is 55 years of age. He has an eighth grade education and most of his work experience has been coal mining. The claimant last meets the earnings requirements of the Social Security Act as of June 30, 1952.

The claimant filed his first application in this case on June 27, 1955, which application was denied on August 3, 1956. The claimant did not take any further appeal from this decision.

On September 27, 1960, the claimant filed a second application which was denied January 9, 1961. The claimant appealed this case in due course through the administrative process, his claim was denied at all levels, a suit was timely filed in United States District Court and on November 8, 1962, this Court entered judgment affirming the Secretary's opinion and ruling that the claimant was not entitled to Social Security disability benefits.

The claimant filed a third application on March 24, 1969 and was again denied throughout all administrative levels. The case is again before this Court for decision.

The Court in this case adopts the findings made by Hearing Examiner David W. Dickey, Jr. at pages 8–16 of the transcript. For reasons explained at length in the hearing examiner's opinion, this Court is without any authority to do otherwise than grant the defendant's motion for summary judgment based on the doctrine of *res judicata*. The claimant last meets the earnings requirements of the Act on June 30, 1951, and, therefore, he must establish that he became disabled prior to the expiration of that date. Carter v. Celebrezze, 367 F.2d 382 (4 Cir. 1966).

The claimant, subsequent to the date he met the earnings requirements has had one claim finally denied administratively (August 3, 1956) and one claim denied by an Order of this Court (November 8, 1962).

The claimant may not simply relitigate the same issues that were presented on

the first and second applications or else there would be no end to litigation before the administrative boards and the courts. Moore v. Celebrezze, 252 F.Supp. 593 (E.D.Pa.1966). See also, James v. Gardner, 384 F.2d 784 (4 Cir. 1967); Grose v. Cohen, 406 F.2d 823 (4 Cir. 1969); Easley v. Finch, 431 F.2d 1351 (4 Cir. 1970); Hughes v. Finch, 432 F.2d 93 (4 Cir. 1970); Leviner v. Richardson, 443 F.2d 1338 (4 Cir. 1971); Lyall v. Cohen, 297 F.Supp. 606 (W.D.Va.1969); Farmer v. Finch, 314 F.Supp. 661 (W.D. Va.1970).

The defendant's motion for summary judgment is hereby granted and the plaintiff's motion for summary judgment is hereby overruled. Final judgment is hereby entered for the defendant and the Clerk shall dismiss this case from the docket.