**Ralph J. CHENOWETH, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**No. 73 CV 426-W-1.**

United States District Court, W. D. Missouri, W. D.

June 18, 1974.

James A. Gramling, Jr., Legal Aid & Defender Society, of Greater Kansas City, Inc., Kansas City, Mo., for plaintiff.

Bert C. Hurn, U. S. Atty., Mary A. Schneider, Asst. U. S. Atty., Kansas City, Mo. (Frank L. Dell'Acqua, Chief of Litigation, James C. Pyles, Atty., Social Security Div., Dept. of Health, Education & Welfare, of counsel), for defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING CASE TO THE SECRETARY

JOHN W. OLIVER, District Judge.

### I.

On March 11, 1974, after careful study of the briefs theretofore submitted in support and in opposition to defendant's pending motion to dismiss, we directed the Secretary to file a certified copy of all administrative proceedings taken in regard to the various pro se claims for disability filed by plaintiff, and to show cause why this matter should not be remanded to the Secretary for further appropriate proceedings.

Defendant filed a response to our order to show cause in which he reiterated his view that the "Social Security Act indicates a congressional intent to preclude federal judicial jurisdiction in cases such as the case at bar." Defendant stated that "the account of the administrative procedures" as stated in an affidavit filed by the Chairman of the Appeals Council and Director of the Bureau of Hearings and Appeals of the Social Security Administration, was substantiated by the administrative record produced pursuant to our order to show cause.

The administrative record does not, as the Secretary contends, support his assertion that "defendant has leniently applied the relevant regulations to plaintiff's case, has repeatedly reviewed plaintiff's allegations of disability and has consistently and correctly determined that plaintiff is not entitled to disability insurance benefits under the Social Security Act." The administrative record establishes that by improper application of his own regulations, the Secretary has denied plaintiff's claim for disability without ever hearing his claim on the merits.

We look first to the "account of the administrative procedures" as stated in the affidavit. It is there stated in part that:

The official file maintained by the Bureau of Hearings and Appeals relating to the claim of the plaintiff, Ralph J. Chenoweth, under title II of the Social Security Act, was examined under my supervision, and to the best of my knowledge and belief said file shows that:

(a) The plaintiff filed his first application for a period of disability and disability insurance benefits on October 2, 1963. This application was denied initially on November 18, 1963, and not further appealed.

(b) The plaintiff filed his second application for a period of disability and disability insurance benefits on March 16, 1966. This application was denied initially on September 2, 1966, and not further appealed.

(c) The plaintiff filed his third application for a period of disability and disability insurance benefits on February 21, 1968. This application was denied initially on May 17, 1968, and not further appealed. He last met the earnings requirements on June 30, 1967. (Exhibit 1).

(d) The plaintiff filed this fourth application for a period of disability and disability insurance benefits on July 12, 1971. This application was denied initially (Exhibit 2) and upon reconsideration (Exhibit 3). Thereafter, the plaintiff requested a hearing. On January 17, 1973, an administrative law judge dismissed the plaintiff's request for a hearing on the basis of *res judicata* (Exhibit 4).

(e) The plaintiff requested the Appeals Council to review the dismissal order of the administrative law judge. By letter dated April 18, 1973, the plaintiff was advised that the Appeals Council had concluded that "the dismissal action of the administrative law judge is correct," and that "the determination dated May 17, 1968, stands as the final determination of this Department" (Exhibit 5).

(f) A civil action was filed on July 31, 1973.

The exhibits attached to that affidavit must be viewed in light of the express statutory command of § 405(b), Title 42, United States Code, which provides that "The Secretary is directed *to make findings of fact, and decisions* as to the rights of any individual applying for a payment under this subchapter." Those exhibits must also be viewed in light of the fact that in connection with all except plaintiff's final application, he was not represented by counsel and the fact that plaintiff was never given any sort of a hearing on the merits in regard to any of his applications. Such view must be maintained in light of § 405(h), Title 42, United States Code, which provides that only "the findings and decisions of the Secretary *after a hearing* shall be binding upon all individuals who were parties *to such hearing.*" [Emphasis ours].

Exhibit 1 attached to the affidavit is a copy of SSA standard form letter SSA–L807.2F(2–68) sent plaintiff on May 17, 1968. Neither the affidavit nor the administrative transcript suggests that any particularized findings of fact were ever made in regard to defendant's denial of plaintiff's February 21, 1968 application. That form letter included the following standard paragraph:

If you believe that this determination is not correct, you may request that your case be re-examined. If you want this reconsideration, you must request it not later than 6 months from the date of this notice. You may make any such request through your district office. If additional evidence is available, you should submit it with your request. Please read the enclosed leaflet for a full explanation of your right to question the determination made on your claim.

In spite of judicial criticism of the inadequate language in that particular paragraph (see Staskel v. Gardner, (E.D. Pa.1967) 274 F.Supp. 861 at 865), its inclusion in the standard form letters of the Secretary is apparently for the purpose of setting the stage for a later denial, without hearing, of any subsequent application which might be made by the particular applicant.

Exhibit 2, dated August 20, 1971, reflects the initial denial of plaintiff's July 12, 1971 application. That denial was based on the conclusory ground that plaintiff's application "concerns the same issues that were previously decided in connection with an earlier decision." Without making any findings of fact whatsoever, the Director of the Division of Initial Claims, Bureau of Disability Insurance, stated in additional conclusory language that "the facts are the same as those previously considered."

The standard "foreclosure" paragraph above quoted from Exhibit 1 was also included in this letter to the plaintiff, although, as is true in regard to all let-

ters in which such a paragraph was inserted, "the enclosed leaflet" or "enclosed booklet" was not presented to this Court either as a part of the affidavit or as a part of the administrative record produced pursuant to our order to show cause.

Exhibit 3, dated May 30, 1972, reflects the denial of plaintiff's July 12, 1971 application by the Division of Reconsideration. Again, that denial is based on the conclusory recitation, unsupported by any specific findings of fact, that "the facts are the same as those already considered in a past decision dated May 16, 1968, and since the same law applies, that decision remains in effect."

For the first time the plaintiff was advised in that letter that he could "request a hearing before a hearing examiner." He was not, however, advised in Exhibit 3 or at any other time of the possible legal consequence which might attend his failure to request a hearing. Although members of the SSA bureaucracy had first concluded as early as August, 1971 that plaintiff's claim should be washed out by application of "administrative *res judicata*," (see page 166 of the transcript), plaintiff was not advised of the existence of such a doctrine until the Administrative Law Judge so determined on January, 1973.

Exhibit 4, dated January 17, 1973, notified the plaintiff of the dismissal of his July 12, 1971 claim. The order of the Administrative Law Judge above referred to was attached to the notice of dismissal. That order simply recited, in highly conclusory language, the various administrative steps which had been taken in regard to plaintiff's application and, without making any specific findings of fact, made the following conclusory statement:

The Administrative Law Judge finds that the claimant has submitted no new evidence which is pertinent to the claimant's condition on or before June 30, 1967, which is the date the claimant last met the special earnings requirements. The Administrative Law Judge finds there is no new evidence which warrants opening the determination of the Social Security Administration.

The final paragraph of the Administrative Law Judge's order of January 17, 1973, stated the following:

The request for hearing filed November 4, 1972, relates to matters that are *res judicata;* it is accordingly ordered that the request for hearing filed November 4, 1972, be and is hereby dismissed as provided in section 404.937(a) of Social Security Administration Regulations No. 4 (20 CFR 404.937(a)). The Social Security Administration determination of May 17, 1968 remains in effect.

The transcript of the administrative proceedings, pages 2–4 inclusive, establish that a Staff Attorney for the Legal Aid and Defender Society of Greater Kansas City, Missouri, wrote the Appeals Council on March 9, 1973, advising it that plaintiff disagreed with the Administrative Law Judge's January 17, 1973 decision and that plaintiff wished to pursue the matter further. The Staff Attorney's letter enclosed new and additional factual data (page 3 of the transcript) which had been obtained from Kansas City General Hospital. In that document Dr. Laffoon summarized findings he had made in regard to the key question relating to the duration of plaintiff's disability.

Dr. Laffoon's report revealed that plaintiff had been subjected to recent heart surgery involving an "aortico bilat common femoral bypass" and that, significantly, "the extensive atheromatous disease demonstrated clinically and by arteriography and findings at surgery suggest long standing arteriosclerotic disease." It is therefore quite obvious that plaintiff may not have been in fact suffering from "poor oxygenation of his blood due to emphysema," as some of the earlier medical reports indicated, but that he in fact had been a victim of a severe heart disease of long standing. Such a question, of course, may not

properly be determined without a proper evidentiary hearing.

The request of the Legal Aid Staff Attorney that plaintiff's file "be returned to the Administrative Law Judge for the purpose of an evidentiary hearing" was perfunctorily denied as reflected by Exhibit 5 which we above quoted in full. No one apparently gave any consideration to the question of whether 20 CFR 404.957 and 404.958 should be applied.

## II.

The undisputed factual circumstances stated establish that still another federal court is required to deal with the manner in which the Secretary has applied Social Security Administrative Regulation § 404.937(a) which provides that *res judicata* is one of the grounds upon which a claim for disability benefits may be dismissed. That regulation provides:

The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance, or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision.

The factual circumstances with which we deal do not require that we reach, and we therefore do not reach, the question of whether § 404.937(a) is facially in violation of § 405(h) of the Act, in that the Congress expressly provided that finality attach only to "findings and decisions of the Secretary *after a hearing* . . . upon all individuals who were parties to *such hearing.*"

In our memorandum and order of March 11, 1974, we implicitly assumed that the regulation could be constitutionally applied and stated our agreement with the jurisdictional determination and the basic rationale of Cappadora v. Celebrezze, (2nd Cir. 1966) 356 F.2d 1. The Ninth Circuit, in Stuckey v. Weinberger, (9th Cir. 1973) 488 F.2d 904, at 909, although not fully agreeing with everything in the case, recently stated its basic agreement with the following principles which it quoted from *Cappadora:*

We do not believe that Congress would have wished to close the doors of the courts to a plaintiff whose claim for social security benefits was denied because of an unreasonable or inappropriate agency rule on reopening or because of a truly arbitrary administrative decision. . . . Absent any evidence to the contrary, Congress may rather be presumed to have intended that the courts should fulfill their traditional role of defining and maintaining the proper bounds of administrative discretion and safeguarding the rights of the individual. [488 F.2d at 909]

*Stuckey* also concluded, we believe properly, that the obvious purpose of the language in § 405(h) of the Act which provided that "the findings and decisions of the Secretary after a hearing shall be binding upon all . . . who were parties" is to "declare that *res judicata* principles are applicable to the findings and decisions of the SSA made in certain procedural contexts." Leviner v. Richardson, (4th Cir. 1971) 443 F.2d 1338 was cited as an example to support the stated conclusion.

The lengthy annotation of cases appended to *Leviner,* published in 14 ALR Fed. 776, et seq., entitled "Applicability of doctrine of administrative *res judicata* to determinations by Secretary of Health, Education, and Welfare that claimant is not entitled to Social Security disability benefits," illustrates the heavy handed manner in which the Sec-

retary has administered a regulation designed to eliminate, rather than encourage, litigation.

*Leviner* makes clear that whether administrative *res judicata* may be properly applied is not a black and white question. As stated by that court:

> Administrative *res judicata* may apply, but it may equally well not apply if the new evidence proffered might result in a different determination. In order to decide, the district judge should have required the record of all of the prior proceedings to be adduced, and proceeded to make that determination. [443 F.2d at 1343]

██ In this case, we have already required production of the prior administrative proceedings and are therefore in a position to find and conclude that the new evidence proffered, particularly as that evidence may be properly developed at a plenary evidentiary hearing, could well result in a different determination than that rendered by the Secretary. We make that finding and state that conclusion particularly in light of our review of data reviewed without hearing and of the principles reiterated most recently by our controlling Court of Appeals decision in Yawitz v. Weinberger, (8th Cir. 1974) 498 F.2d 956, decided June 11, 1974, in which the Secretary was once again reversed for having improperly denied disability benefits. The administrative procedures followed in this case demonstrate that a set of "disability examiners," but not the review physician (see paragraphs 43 and 45, and the blank spaces in paragraphs 34 and 36 of the Disability Determination and Transmittal form, page 166 of transcript), had concluded that "administrative *res judicata* should be applied to plaintiff's application" in August of 1971, almost a year and a half before the Administrative Law Judge rendered his formal order confirming the predetermined determination.

So far as being bound by the rationale of *Leviner*, we believe that any question in that regard is foreclosed by United States v. Smith, (8th Cir. 1973) 482 F.2d 1120, in which our controlling court quoted extensively from *Leviner* and indicated its approval of that decision.

██ It must further be noted that plaintiff properly invoked jurisdiction vested by the Administrative Procedure Act. In light of our acceptance of the jurisdiction determination and broad rationale of *Cappadora* and *Leviner*, we have no doubt about what order should be entered under the circumstances. Indeed, we shall pattern our order on one entered in Lopez v. Secretary of Health, Education, and Welfare, 342 F.Supp. 778 (D.Puerto Rico 1972), by another district court which has been persuaded by the rationale of the cases upon which we rely.

We recognize, of course, that the Social Security Administration must deal with a large number of claims. But we are equally convinced that fundamental concepts of due process require recognition of the ageless experience of Anglo-American jurisprudence that an appropriate hearing never hurt anyone. Indeed, the cases discussed in the ALR Fed. annotation above cited establish that the Social Security Administration's efforts to "save time" by disposing of disability claims on blanket administrative *res judicata* grounds have been counter-productive for both the Secretary and the federal judiciary. We therefore express the hope that current administrative procedures will be modified in a manner consistent with the clear Congressional intention expressed in § 405(b) of the Act, which, when read with the requirements of § 405(h) of the Act, would clearly indicate that Congress intended that the findings and decisions of the Secretary referred to in those sections may not properly be considered binding on a claimant unless such findings and decisions follow a hearing on the merits of his particular claim. We are convinced that everyone's time would be conserved by a clear modification of the regulations which would make that principle clear.

For the reasons stated, it is

Ordered (1) that the government's motion to dismiss should be and the same is hereby denied. It is further

Ordered (2) that the case is remanded to the Secretary of Health, Education, and Welfare so that the evidence provided by the claimant be considered and studied to determine not only if the requirements of *res judicata* under 20 CFR 404.937(a) are met, but also whether they meet the standards for reopening of cases under 20 CFR 404.957 and 404.958. The examiner should make specific findings on both issues. It is further

Ordered (3) that if review is sought after the remand and the appropriate administrative remedies have been exhausted, the government should raise the whole record on appeal, including the transcripts of all hearings, the record of the prior claims, and the evidence presented in the new claim, so that the Court may properly review.