**Beulah S. MARSHALL,**

v.

**Arthur FLEMING, Secretary, Department of Health, Education and Welfare.**

**No. 3046.**

United States District Court
E. D. Virginia,
Norfolk Division.

Feb. 1, 1960.

HOFFMAN, District Judge.

Plaintiff institutes this action against the Secretary of the Department of Health, Education and Welfare seeking a judicial review of the administrative denial of benefits under the Social Security Act. The complaint, filed September 18, 1959, does not allege on what date the claim was denied, but contains a general allegation as follows:

"That complainant exercised all of her rights to appeal through the Salisbury, Maryland, office and was notified by them by letter dated July 29, 1959, that she would have to file a suit in the United States District Court for a judicial decision."

Defendant has filed a motion to dismiss which, for the purposes herein stated, may be treated as a motion for summary judgment. No controversy exists as to any material facts.

Plaintiff's original claim was filed, heard, and determined by Referee Peter J. Hoegen, who rendered his decision adverse to claimant on October 6, 1958, on which date he mailed to plaintiff a copy of the decision and a notice of her right to request a review, the latter reading as follows:

"The attached decision or order on your claim under Title II of the Social Security Act will become conclusive unless request for review by the Appeals Council is filed within 60 days from date shown below, or unless reviewed by the Appeals Council on its own motion. Request for review may be filed by you (or on your behalf by your representatives) at the nearest District Office of the Bureau of Old Age and Survivors Insurance, Social Security Administration."

Plaintiff does not contend that she failed to receive notice of the aforesaid decision. No appeal was taken from, and no request was filed for review of, the Referee's decision until June 4, 1959, at which time plaintiff requested a review. On June 25, 1959, the Appeals Council dismissed the review, and forwarded a

William E. Fears, Accomac, Va., for plaintiff.

Sam D. Eggleston, Jr., Asst. U. S. Atty., Norfolk, Va., for defendant.

copy of its order to plaintiff, said order reading in part:

"The above case is before the Appeals Council upon the request of the claimant for review of the referee's decision. The request for review cannot be entertained by the Appeals Council since such request was not filed within sixty days of the mailing of notice to the claimant of such decision. Consequently the referee's decision stands as the effective action of this Department.

"Notice of this action is hereby given by mailing a copy hereof to the claimant at the address given below."

Thereafter, plaintiff addressed two letters to the Salisbury office, the contents of which are not before the Court, but on July 29, 1959, the Salisbury office replied in part:

"Your claim has now gone through all the stages of administrative appeal provided for by the Social Security Act.

"If you are not satisfied with the decision of your claim, your recourse is to the United States District Court. The law provides that a claimant has 60 days from the date of the notice of the Appeals Council decision to begin civil action in the District Court of the United States for the judicial district in which he or she resides."

To the second letter, the Salisbury office answered on August 21, 1959:

"This is to advise you that there is nothing further we can do. As explained in the previous letter, your next action would be with the U. S. District Court. If you wish to pursue the matter to that degree, we believe, therefore, it will be necessary for you to obtain counsel who would fully advise you."

■■ Following receipt of this communication plaintiff conferred with her counsel for the first time. According to her attorney, he was not advised that the claimant had failed to seek a review of the Referee's decision within the time prescribed by law. While the action was not instituted within sixty days from the date of the order of the Appeals Council, the initial fatal defect is in claimant's failure to timely ask for a review of the Referee's decision. The case is governed by Coy v. Folsom, 3 Cir., 228 F.2d 276. When Congress saw fit to create the Appeals Council, it contemplated that a timely review must be sought of the Referee's decision as a prerequisite to any judicial review. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796; Arenas v. United States, 9 Cir., 197 F.2d 418; Mahoney v. Railroad Retirement Board, 7 Cir., 194 F.2d 752; Young v. Higley, 97 U.S.App.D.C. 122, 220 F.2d 487; Miller v. United States, 6 Cir., 242 F.2d 392; Crusen v. United Air Lines, Inc., D.C., 141 F.Supp. 347, 356, affirmed, 10 Cir., 239 F.2d 863. To hold otherwise would nullify the purposes of the Appeals Council as claimants could effectively bypass the Appeals Council by merely asking for a review without regard to the sixty day limitation.

■ Equally without merit is the contention that defendant is estopped by reasons of the actions of the Salisbury office in inviting a proceeding in this Court. There would, of course, be no legal authority vested in the manager of the Salisbury office of the Social Security Administration to grant jurisdiction in this Court where none exists. At best, the letters from the Salisbury office merely assured the claimant that she had a right to bring an action, but they cannot be construed as any suggestion that the merits of her claim would be reviewed.

■ In Social Security matters, as well as controversies before other administrative bodies, Congress has seen fit to discourage the appearance of attorneys by imposing severe penalties upon any representative charging or collecting a fee in excess of the maximum prescribed by the Secretary which, in So-

cial Security claims for appearance before the administrative body, may not exceed $10.00. For a "knowing" violation, the attorney or representative is subjected to a fine not exceeding $500.00, or by imprisonment not exceeding one year, or both. 42 U.S.C.A. § 406. Nevertheless, a properly prepared case before the administrative body is vital to any judicial review when we note that the findings of the Secretary as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C.A. § 405. The wisdom of legislation discouraging the appearance of attorneys before administrative bodies is for Congress and not for the courts.

A final judgment order will be entered in favor of the defendant.