**Robert Lee HARRIS, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary, Department of Health, Education & Welfare, Social Security Administration, Defendant.**

**Civ. A. No. 968–W.**

United States District Court
N. D. West Virginia,
at Wheeling.

Nov. 22, 1961.

---

George T. Tarbutton, Columbus, Ohio, for plaintiff.

Robert E. Maxwell, U. S. Atty., Fairmont, W. Va., for defendant.

CHARLES F. PAUL, District Judge.

Upon the hearing of the defendant's motion to dismiss in this action to review a decision of the Secretary of the Department of Health, Education and Welfare, denying the claim of the plaintiff for disability insurance, the following state of facts was shown to the court:

Plaintiff applied for disability insurance to the Social Security Administration in November, 1956. A hearing was held upon the plaintiff's application while the plaintiff was imprisoned in the West Virginia State Penitentiary, and, on September 24, 1959, the Hearing Examiner made his findings rejecting the plaintiff's claim, and mailed a copy thereof to the plaintiff, together with a notice reading as follows:

> "The attached decision or order on your claim under Title II of the Social Security Act will become conclusive unless request for review by the Appeals Council is filed within 60 days from date shown below, or unless reviewed by the Appeals Council on its own motion. Request for review may be filed by you (or on your behalf by your representative) at the nearest District Office of the Bureau of Old-Age and Survivors Insurance, Social Security Administration.

> "This notice and attached copy of referee's decision mailed to claimant on *September 24, 1959*."

Plaintiff took no appeal nor did he request the Appeals Council to review that decision. Instead, the plaintiff, on November 19, 1959, filed this action for review of the decision, under the erroneous assumption that the decision represented a "final decision of the Secretary", for the review of which this court is granted jurisdiction under Title 42 U.S.C.A. § 405(g).

Under the cases it is abundantly clear that this court has no jurisdiction until after the administrative procedures have been exhausted, and that this contemplates a decision of the Appeals Council either denying a review of the Hearing Examiner's decision, or affirming, reversing or modifying it. (See Coy v. Folsom, 3 Cir., 228 F.2d 276; Marshall v. Flemming, D.C., 180 F.Supp. 464).

The motion to dismiss may be considered as a motion for summary judgment, and, as such, granted.