Samuel ROSEN, Plaintiff,

v.

Anthony CELEBREZZE, as Secretary of Health, Education and Welfare, Defendant.

Civ. No. 9430.

United States District Court
N. D. New York.

Jan. 23, 1964.

Robert M. Nicoll, Schenectady, N. Y., for plaintiff.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., for defendant, Frank A. Dziduch, Asst. U. S. Atty., of counsel.

JAMES T. FOLEY, Chief Judge.

This action is filed and specifically by the words of the complaint based upon the provisions of 42 U.S.C. § 405(g), as amended, to review a final decision of the defendant Secretary. The motion to dismiss the action by the Secretary is on enumerated grounds: (1) the complaint fails to state a claim upon which relief can be granted; (2) the Court lacks jurisdiction over the subject matter, and (3) the plaintiff failed to timely exhaust his administrative remedies. The motion is sustainable, in my judgment, on each of the grounds. In my opinion, the motion must be granted no matter the view of this Court that the result may be considered in some respects unfortunate. Administrative hearing and court review are barred by failure of the plaintiff to request hearing by a hearing examiner within the time period prescribed by regulation of the Social Security Administration, mandated as a matter of right if timely. The lapse is a short period of two weeks.

It is undisputed that the request for the administrative hearing was not filed within the six-month period provided by the pertinent regulation after the Reconsideration Determination. This six-month period of limitation set forth in the Regulations is in accord with the statutory provisions of 42 U.S.C. § 405 (b) as amended. (See Hobby v. Hodges, (1954), 10 Cir., 215 F.2d 754, 758–759).

The dismissal of the request for hearing by the hearing examiner on the ground the same was untimely and no good cause was shown to excuse the failure to file within the six-month period, and the denial of request to review this dismissal by the Appeals Council are all authorized by clear provisions of the pertinent administrative regulations.

The time limit period promulgated and the discretion to extend are within the rule-making power and judgment of the Secretary as vested and delegated by 42 U.S.C. § 405(a), and reasonably consistent with the delegation of such authority by the Congress. (42 U.S.C. § 405(a); Ford v. Ribicoff, (E.D.Tenn.), 199 F. Supp. 822, 828; see Lilly v. Grand Trunk Western R. Co., 317 U.S. 481, 488, 63 S.Ct. 347, 87 L.Ed. 411). This Court cannot direct or compel extension of time by the Secretary where discretion is conferred legislatively. (Bomer v. Ribicoff, 6 Cir., 304 F.2d 427, 429). Judicial power should never be exercised for the purpose of giving effect to the will of the judge. (Osborn v. Bank of United States, (1824), 9 Wheat. 738, 862, 22 U.S. 738, 862, 6 L.Ed. 204.) The jurisdiction of the District Court to review in these matters is expressly limited by statute and particularly as it pertains to this matter, that jurisdiction is conferred to review a final decision of the Secretary made *after a hearing*. (42 U.S.C. § 405 (g), (h), emphasis mine). Inconsistency is claimed by the plaintiff concerning the statement of the Appeals Council in its final denial to open up the dismissal of the hearing examiner "that a formal review of the hearing examiner's action would result in no advantage to the claimant." However, I would think this position is creditable in that it indicates a careful examination of the record, containing a lengthy reconsideration determination denying the original application, before the drastic sanction of the six-month time limitation was maintained and the hearing refused. (See Matteson v. United States, 2 Cir., 240 F.2d 517). The bar of a time limit preventing trial or hearing is always unpleasant to impose. The plaintiff, in the administrative procedures, was not acting without any advice or assistance inasmuch as he was represented by a Certified Public Accountant of New York. It is unnecessary to indulge on the merits, but the issue as to genuine partnership is usually factual or at best a mixed question of law and fact. (Morrison v. Commissioner of Internal Revenue, 2 Cir., 177 F.2d 351, 352; Singer v. Shaughnessy, 2 Cir., 198 F.2d 178; Lusthaus v. Commissioner of Internal Revenue, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659).

The motion to dismiss is granted upon the several grounds specified in the formal motion, and the action is dismissed.

It is So Ordered.