628

**Robert G. BROOKS, Plaintiff,**

v.

**Wilbert COHEN, Secretary, Department of Health, Education and Welfare, Defendant.**

**Civ. No. 68–71.**

District Court of the United States
E. D. Illinois.
Dec. 16, 1968.

James E. Williams, Sr., East St. Louis, Ill., (Legal Aid) for plaintiff.

Carl W. Feickert, U. S. Atty., East St. Louis, Ill., for defendant.

## MEMORANDUM AND ORDER

JUERGENS, Chief Judge.

Defendant moves to dismiss the plaintiff's petition to review the final action of the Secretary of Health, Education and Welfare made on March 26, 1968, affirming a hearing examiner's findings and decision.

The motion to dismiss is accompanied by an affidavit, setting forth, among other things, various applications for a period of disability and disability insurance benefits filed by plaintiff in this and past proceedings.

The affidavit establishes that plaintiff filed application on July 26, 1960, which was initially denied and again denied on reconsideration. Thereafter, plaintiff requested and was granted a hearing on February 15, 1962. On April 13, 1962, the hearing examiner denied the claimed benefits. The decision was mailed to petitioner, accompanied by notice, setting forth the procedure for appeal from the decision. On June 28, 1962, plaintiff filed a request for review. The appeal was dismissed as not having been timely filed.

Prior to the February 15, 1962 hearing, plaintiff filed another application for a period of disability and disability insurance benefits on January 17, 1962.

This application was denied on May 11, 1962. There was no request for reconsideration. On September 14, 1964, plaintiff filed another application for a period of disability and disability insurance benefits, which was denied on February 4, 1965. No request for reconsideration was filed. On June 17, 1965, plaintiff filed another application for a period of disability and disability insurance benefits, which was denied, and upon reconsideration was denied. Thereafter, plaintiff requested a hearing. He waived his right to appear and give evidence and requested a decision on the evidence before the hearing examiner. On March 9, 1966, the hearing examiner found plaintiff was last insured for purposes of the disability provisions in the Act on March 31, 1964, and that the evidence did not establish that at such time the plaintiff was disabled within the meaning of the Act before its amendment of July 30, 1965, or within the amended definition provided by the amendment. The hearing examiner held that the plaintiff was not entitled to the establishment of a period of disability or to disability insurance benefits based on his application of June 17, 1965. Plaintiff requested review of the hearing examiner's decision. On June 15, 1966, the appeals council examined the decision of the examiner and forwarded notice by certified mail of its action which contained the following:

"The Appeals Council has decided that the decision of the hearing examiner is correct. Further action by the Council would not, therefore, result in any change which would benefit you. Accordingly, the hearing examiner's decision stands as the final decision of the Secretary in your case.

"If you desire a review of the hearing examiner's decision by a court, you may commence a civil action in the district court of the United States in the judicial district in which you reside *within sixty (60) days* from this date. For your information as to the action in the district court, your attention is directed to section 205(g) of the Social Security Act, as amended, (section 405(g), Title 42 United States Code). If such action is commenced, the Secretary of Health, Education, and Welfare is the proper defendant."

No action for review was presented to the district court.

On March 23, 1967, plaintiff filed another application for a period of disability and disability insurance benefits, which was denied initially and was denied upon reconsideration. On November 16, 1967, plaintiff filed a request for hearing. The hearing examiner issued his order of dismissal of the request for hearing, which was sent, together with a notice of dismissal, to the plaintiff on January 30, 1968. In his order the hearing examiner found that the plaintiff did not submit any new material or evidence relating to the period on or before March 31, 1964; that the question of whether the claimant was disabled on or before March 31, 1964, the date he was last insured for disability purposes, was previously decided against the plaintiff, and that the matter presented by the application of March 23, 1967 is res judicata. Plaintiff requested review of the hearing examiner's action, and on March 26, 1968 the appeals council denied the request for review and sent notice to plaintiff which provides in part as follows:

"The Appeals Council has concluded that the dismissal action of the hearing examiner is correct. Accordingly, the hearing examiner's decision dated March 9, 1966, is the final action of this Department."

This action was commenced on May 17, 1968.

The crucial question for consideration is whether the decision on the prior applications and specifically whether the application filed June 17, 1965 is res judicata, barring any recovery under the application.

20 C.F.R. § 404.937 provides that the hearing examiner may dismiss a hearing

upon request under the following circumstances:

"(a) Res Judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision."

20 C.F.R. § 404.940 provides:

"The hearing examiner's decision * * * shall be final and binding upon all parties to the hearing unless it is reversed by the Appeals Council * * *. If a party's request for review of the hearing examiner's decision is denied or is dismissed, such decision shall be final and binding upon all parties to the hearing unless a civil action is filed in a district court of the United States, as is provided in section 205(g) of the act, or unless the decision is revised * * *."

 It is clear that a claimant may not institute a civil action if he has not exhausted his administrative remedies and that any administrative decision on the first application from which there is no timely appeal stands as res judicata as to all subsequent applications involving the same issues. Moore v. Celebrezze, 252 F.Supp. 593 (D.C.E.D.Pa. 1966).

██ The June 17, 1965 application and the March 23, 1967 application present the same issues and the same matters. The hearing examiner properly found that the decision on the June 17, 1965 petition was res judicata to the petition filed on March 23, 1967 and properly dismissed the request for hearing.

The Court finds that defendant's motion to dismiss should be and the same is hereby granted and plaintiff's complaint be and the same is hereby dismissed.