Frances J. SPALSBURY, Plaintiff,

v.

Elliot J. RICHARDSON, United States Secretary of Health, Education and Welfare, Defendant.

No. K–126–71 C.A.

United States District Court,
W. D. Michigan, S. D.

Sept. 7, 1972.

---

Marcus, McCroskey, Libner, Reamon & Williams, Battle Creek, Mich., Thomas D. Geil, Grand Rapids, Mich., of counsel, for plaintiff.

John P. Milanowski, U. S. Atty., Grand Rapids, Mich., for defendant.

## OPINION AND ORDER

FOX, Chief District Judge.

This action is brought by plaintiff to secure judicial review of an adverse ruling by the Social Security Administration, acting for the Secretary of Health, Education and Welfare, with regard to her claim for Social Security disability benefits. Presently before the court is defendant's Motion to Dismiss on the grounds that this court is without subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief may be granted. The asserted basis for defendant's motion is that plaintiff was delinquent in filing her request to the Appeals Council for review of the adverse ruling of the Hearing Examiner, failed to exhaust her administrative remedies, and consequently failed to secure a reviewable final decision of the Secretary.

Plaintiff's claim for disability benefits was processed along normal administrative channels up to the point of an evidentiary hearing before a Hearing Examiner on April 16, 1971. Plaintiff appeared at this hearing without the assistance of counsel. On April 23, 1971 the Hearing Examiner, Elizabeth S. Bowers, issued a decision denying plaintiff's claim. Plaintiff was notified of this decision and of her right to appeal within sixty days to the Appeals Council.

Plaintiff first consulted an attorney on July 8, 1971. She asserts, and the record does not contradict, that on the following day she appeared at the Social Security office in Battle Creek, Michigan and indicated her desire to seek review by the Appeals Council. At this point the sixty-day period ordinarily allowed for such appeal had been exceeded by eighteen days. 20 CFR § 404.946. A formal written request for review was filed on August 23, 1971.

On October 4, 1971, the Appeals Council refused plaintiff's request for review on the grounds of her failure to demonstrate good cause for her tardy appeal. Plaintiff's application for judicial review was timely filed with this court on November 5, 1971.

This court's jurisdiction over plaintiff's complaint must be founded, if at all, upon section 205(g) of the Social Security Act, 42 USC § 405(g). That statute reads in relevant part as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of

notice of such decision or within such further time as the Secretary may allow."

It is clear in this case that plaintiff has satisfied two of the three jurisdictional conditions set forth in the statute. She has secured a hearing and she has commenced this civil action within sixty days of the Appeals Council ruling. At issue is whether there exists a "final decision" of which she may seek review.

■ Plaintiff argues, first, that the action of the Appeals Council on October 4, 1971 was at least a final decision that she had shown no good cause for her delayed application for review of the merits of her claim by the Appeals Council. Therefore, she argues that this court at least has jurisdiction to review that determination and to reverse it if arbitrary. This court is persuaded, in light of the leading case of Langford v. Flemming, 276 F.2d 215 (5th Cir. 1960) as well as Cappadora v. Celebrezze, 356 F. 2d 1 (2nd Cir. 1966), cited with approval in Maddox v. Richardson, 464 F.2d 617 (6th Cir. 1972), that it does have jurisdiction to perform such a review. However, this court further maintains the resolute judgment that such a review would be unnecessarily digressive in this case.

Plaintiff's alternative request is that this court dispense with further time-consuming administrative procedures and move directly to a review of the merits of her claim. Such a course seems consistent with logic, fairness and statutory requirements.

The government argues that there can be no "final decision" of the Secretary until the Appeals Council has reviewed the merits of a claimant's application for benefits. While some courts have accepted this premise (without explanatory analysis), this court can find no support in the statute, regulations or reason for such an interpretation. The government cites several cases which recognize the axiomatic proposition that when the Appeals Council does review the merits of a given claim, its decision is the "final decision" of the Secretary. But these cases do not address, either by decision or by reasoning, the question of whether an administrative ruling may become the "final decision" of the Secretary as to the merits of a claim in the absence of review of the merits by the Appeals Council.

■■ In this case, the record reveals that when the Appeals Council dismissed plaintiff's request for review, it notified her, in part, as follows:

"The Appeals Council has considered all pertinent information before it but finds that you have failed to show good cause for filing the request for review beyond the 60-day period. Therefore, your request for review is dismissed, *and the hearing examiner's decision dated April 23, 1971, now stands as the final decision of this Department.*" (Emphasis supplied.)

Even apart from the clear implications of this terminology, the effect of the Appeals Council decision is quite evident; no further administrative remedy is available to plaintiff. Given this circumstance, the exhaustion of remedies concept implicit in the "final decision" requirement is satisfied. The important principle underlying requirements of exhaustion of administrative remedies is that the appropriate agency ought to be given the opportunity to fully apply its expertise and discretion before intervention by the courts. In such a context, the scope of judicial review is narrow, designed merely to safeguard against arbitrary or unreasonable bureaucratic action.

■■ *Where the highest administrative decision-making body has finally denied relief to an individual, however, the sound objectives of the exhaustion requirement have been achieved. Regardless of the reasons for its action, when the Appeals Council is presented with a full opportunity to address a given subject, after a hearing has been conducted, and it expressly identifies a ruling on that subject as the final decision of the Department, exhaustion of administra-*

*tive remedies is complete.* The claimant may always, of course, seek to have administrative consideration of his claim reopened, but since the decision on the merits of his claim has been presented to the Appeals Council following a full evidentiary hearing, *that decision is "final" under the statute and therefore judicially reviewable.* No further direct administrative appeal of the decision at issue is available.

Any interpretation of "final decision" which encompasses as an essential element timely appeal to the Appeals Council and subsequent unavoidable review on the merits can only be explained in terms of a notion that the "final decision" requirement is designed to enforce an obstacle course for Social Security claimants. Once bared, such a notion obviously lacks substance. It is utterly unreasonable to force an individual claiming total disability and possibly unassisted by counsel to forfeit all rights to judicial review simply because he or she has carelessly transgressed some facet of administrative procedure. Such a punishment here is wholly unnecessary. The only purpose of the sixty-day time limit on appeals to the Appeals Council is to insure prompt review of a claim while the facts bearing on the Hearing Examiner's decision are still ripe. The vehicle to effect this valid purpose is established by regulation, not by statute. The sixty-day time limit is reasonable and should be enforced in the event it is intentionally disregarded. However, to impose as a penalty for inadvertent delinquency a complete bar to administrative or judicial review of the merits of a claim is harsh, inappropriate and neither compelled by law nor reason.

Any danger that proper timely processing and disposition of claims will be purposely disrupted in an effort to circumvent regular administrative appellate procedures can be eliminated by application of the "deliberate by-pass" test utilized for the same purpose in the context of federal habeas corpus petitions. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963). If this test is satis-

factory when applied to the claims for freedom of convicted criminal offenders, it surely should safeguard the structure of the Social Security Administration from abuse by disability claimants.

The result achieved by this decision does not conflict with the reasoning or substance of any prior judicial rulings cited to or discovered by the court. As noted above, Langford v. Fleming, supra, and a few district court opinions have accepted without elaboration or discussion the unchallenged premise that actual review of the merits of a claim by the Appeals Council is essential to a reviewable "final decision." This court simply cannot accept this premise, however, for the reasons set forth above.

The government raises Bowen v. Secretary of Health, Education and Welfare, 46 F.R.D. 41 (W.D.Mich.1968), and Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962), in support of the proposition that satisfaction of the sixty-day time limit is essential to jurisdiction in federal court. These decisions, however, involved substantial failure to comply with the express requirement of section 205(g) that civil actions be filed within sixty days of decision by the Appeals Council. This is a different time limit than the one with which plaintiff here contends. As an explicit statutory jurisdictional condition, it differs fundamentally from a mere administratively ordained regulatory provision.

The government also cites Rosen v. Celebrezze, 254 F.Supp. 280 (N.D.N.Y. 1964), but this case involved a denial of jurisdiction in a situation wherein the claimant never secured an administrative evidentiary hearing. Again, the requirement of a "prior hearing" explicitly appears in the text of section 205(g); hence, timeliness was not obliquely inferred from but was found explicitly in the jurisdictional statute.

If these cases teach us anything in the context of the instant action, it is that where Congress deemed timely action by a disability claimant crucial to securing judicial review, it expressly incorporated

**790**

such a requirement in the statute conferring jurisdiction on federal district courts. Probably most accurate, however, is the conclusion that cases dealing with aspects of section 205(g) other than the "final decision" requirement are simply irrelevant to the issue presently before this court.

This court's considered judgment that review by the Appeals Council on the merits of a claim is not, per se, required to establish jurisdiction does not rest upon mere technical subtleties of language and analysis. Rather, it springs from what appears to be one of the first judicial efforts to meaningfully interpret the intent and purpose beneath the "final decision" requirement of section 205(g), 42 U.S.C. § 405(g). After extended deliberation, this court is resolved that that requirement is functionally designed to insure that a claimant has fully explored and exhausted administrative channels of redress before coming to the federal courts. Absent a deliberate effort to disregard or avoid established procedures necessary to efficient and orderly administrative action, no timeliness element can reasonably be inferred from the statutory requirement of a "final decision."

■ In this case, plaintiff has asserted and the government has acknowledged that an administrative hearing has been conducted, that the Appeals Council has been asked to reverse a decision of a Hearing Examiner, that the Appeals Council has denied relief to plaintiff and explicitly designated the Hearing Examiner's decision as "the final decision of this Department," and plaintiff has promptly moved to secure judicial review of that adverse decision. Given the facts that plaintiff and her counsel have earnestly pressed for full administrative consideration of her claim and that plaintiff has caused no excessive procedural delay as well as all the other facts and circumstances of this case apparent from the record, this court is satisfied that plaintiff has never deliberately bypassed any administrative procedure or body and has not purposely disregarded any administrative rule or regulation. Therefore, defendant's Motion to Dismiss is hereby denied. Defendant shall produce for the court and counsel for plaintiff a complete administrative record so that the court may proceed to review the merits of plaintiff's claim for disability benefits.

It is so ordered.