William **SPARKS** and Pearl E. Sparks, Plaintiffs,

v.

C. E. **TAGGART**, Dept. H. E. W. Social Security Administration, Defendant.

Civ. No. 73–509–AAH.

United States District Court, C. D. California.

Sept. 13, 1973.

No appearance for plaintiffs.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., Carolyn M. Reynolds, Asst. U. S. Atty., by Huston T. Carlyle, Glendale, Cal., for defendant.

## MEMORANDUM DECISION DISMISSING SUIT FOR SOCIAL SECURITY CLAIM

HAUK, District Judge.

### Findings of Fact

**I**

Plaintiffs, husband and wife, brought this action in the Small Claims Court, North Orange County Judicial District, County of Orange, State of California, against C. E. Taggart, District Manager of the Anaheim, California, District Office of the Social Security Administration, Department of Health, Education, and Welfare, to recover $340.20 for social security retirement benefits which were suspended for the month of December, 1972, because of an overpayment.

**II**

The action was removed to the United States District Court pursuant to the provisions of 28 U.S.C. § 1442(a)(1) because the defendant was an officer of the United States and was acting under color of such office during all time pertinent to this action.

**III**

The affidavit of the Deputy Chairman of the Appeals Council, Social Security Administration, filed herein states that the plaintiffs have not filed any administrative claim for any hearing as to any alleged withheld benefits.

### Conclusions of Law

**I**

Judicial review of cases arising under Title II of the Social Security Act is provided in, and expressly limited by,

Sections 205(g) and (h) of the Act, 42 U.S.C. § 405(g) and (h). The remedy provided therein is exclusive.

## II

It is well settled that the United States is immune from suit except as it specifically consents to be sued and that the terms of such consent define the jurisdiction of any court in which such suit properly can be brought. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Where a right is a creature of statute, herein the right to sue, and the statute provides a special remedy, as Section 205(g), *infra,* provides, that remedy is exclusive. United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011 (1919).

## III

The only judicial remedy available to an individual on a claim arising under Title II of the Act is by a civil action brought against the Secretary of Health, Education, and Welfare under Section 205(g), *supra,* and that such an action can be brought only in a case in which (1) the individual was a party to a hearing before the Secretary, i. e., a hearing examiner of the Social Security Administration, (2) the Secretary has made a "final decision" on that claim, and (3) the individual timely commenced a civil action in the proper district court.

## IV

Caspar W. Weinberger, the Secretary of Health, Education, and Welfare, is the proper defendant in this case and should be substituted herein.

## V

Social Security Administration Regulations No. 4 set forth the administrative procedures by which a claimant for benefits under the Act may obtain a "final decision" of the Secretary. Following the initial determination on his claim, a dissatisfied claimant may obtain reconsideration thereof. Sections 404.911, 404.953 (20 C.F.R. 404.911, 404.953). After reconsideration he may request a hearing before a hearing examiner and, in certain specific instances and upon timely request therefor, has an absolute right to such hearing. Sections 404.917, 404.918, 404.954 (20 C.F.R. 404.917, 404.918, 404.954). Under certain circumstances the hearing examiner may dismiss a request for such hearing. Sections 404.935, 404.936, 404.937 (20 C.F.R. 404.935, 404.936, 404.937). Such dismissal is final and binding, Section 404.937(b) (20 C.F.R. 404.937(b)), unless vacated by the Appeals Council of the Social Security Administration either on its own motion within 60 days after the hearing examiner's order of dismissal or upon request by plaintiff of the Appeals Council made within 6 months of the dismissal order. Section 404.938 (20 C.F.R. 404.938). If the hearing is granted, the claimant thereafter may have the decision of the hearing examiner, issued after the hearing, reviewed by the Appeals Council. To effect that review, he must make a request therefor in writing with the Social Security Administration within 60 days from the date of the mailing of notice to him of the hearing examiner's decision (Section 404.945 (20 C.F.R. 404.945)) or an extension of time allowed by the Appeals Council upon a written request therefore and good cause shown. Section 404.954 (20 C.F.R. 404.954). In the absence of such review by the Appeals Council, the decision of the hearing examiner is final and binding upon all parties to the hearing. Section 404.940 (20 C.F.R. 404.940). Under applicable regulations and practice, there is a "final decision" of the Secretary if the Appeals Council grants a request for review of the hearing examiner's decision made after a hearing and renders a decision thereon, or if the Appeals Council denies a timely request for review of a hearing examin-

er's decision made after a hearing thereby constituting the hearing examiner's decision the "final decision" of the Secretary.

## VI

The plaintiffs herein have failed to pursue and exhaust those remedies with respect to their claim for withheld benefits provided by the Act and Regulations promulgated thereunder as set forth above.

## VII

■ Since there has been no hearing before a hearing examiner in this case, no "final decision" of the Secretary has been rendered. Thus, there is no decision subject to judicial review pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g); Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954).

## VIII

A failure to exhaust administrative remedies is jurisdictional and the Court is, therefore, without jurisdiction to entertain this suit. Coy v. Folsom, 228 F. 2d 276 (3rd Cir. 1955); Brooks v. Cohen, 295 F.Supp. 628 (E.D.Ill.1968); Henderson v. Celebrezze, 239 F.Supp. 277 (D.S.C.1965); Rosen v. Celebrezze, 254 F.Supp. 280 (N.D.N.Y.1964); Harris v. Ribicoff, 200 F.Supp. 318 (N.D. W.Va.1961); Marshall v. Flemming, 180 F.Supp. 464 (E.D.Va.1960). Wherefore,

It is ordered, adjudged and decreed that the Motion to Dismiss is granted and this action is hereby dismissed for failure to state a claim for which relief can be granted and for lack of subject matter jurisdiction; and

It is further ordered, adjudged and decreed that to the extent that this Court has considered matters outside the pleadings, that the Motion be, and the same is hereby considered one for summary judgment under Rule 56, Federal Rules of Civil Procedure, and judgment is hereby granted in favor of defendant, dismissing the action.