Mary WILLIAMSON, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, et
al., Defendants.

No. C 77–262 Y.

United States District Court,
N. D. Ohio, E. D.

April 21, 1978.

On Motion to Reconsider June 28, 1978.

John A. McNally, III, Youngstown, Ohio, for plaintiff.

James R. Williams, Richard J. French, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

This is an action pursuant to 42 U.S.C. § 405(g) seeking review of the final decision of the Secretary denying plaintiff disability benefits under the Social Security Act. An administrative law judge made a decision, upon hearing, to deny plaintiff's claim on April 7, 1977. Plaintiff failed to request review of the Appeals Council within the requisite sixty days. On September 29, 1977, plaintiff requested the Appeals Council to review the administrative law judge's decision. On December 2, 1977, plaintiff's request for review was dismissed as untimely.

The April 7, 1977 notice of the administrative law judge's decision clearly informed plaintiff that a request for review by the Appeals Council had to be filed within sixty days. Further, the April 7, 1977 notice stated:

Unless you file a timely request for review by the Appeals Council, you may not obtain a court review of your case under sections 205(g), 1631(c)(3), and 1869(b) of the Social Security Act.

Defendant Secretary of Health, Education, and Welfare has moved to dismiss this action on the basis that the refusal of the Appeals Council to review the decision of the Administrative law judge on the basis of claimant's failure to enter a timely appeal is not a judicially reviewable final decision of the Secretary. Plaintiff contends, to the contrary, that the decision of the Appeals Council is reviewable both under 42 U.S.C. § 405(g) and under the Administrative Procedure Act.

■ There is now no question but that the exclusive avenue of review of determinations by the Secretary, except, perhaps, in relation to matters of constitutional dimension, is 42 U.S.C. § 405(g). A claimant may not bootstrap otherwise nonreviewable matters under 42 U.S.C. § 405(g) into federal court by way of the Administrative Procedure Act. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Nonetheless, this Court is of the view that the decision of the Appeals Council that claimants' request for review be denied as untimely, and that the administrative law judge's decision stands as the final decision of the Secretary, constitutes the first in-

stance that claimant has exhausted her administrative remedies, and the first point at which a judicially reviewable final decision of the Secretary has been rendered. *Langford v. Flemming,* 276 F.2d 215 (5th Cir. 1960); *Spalsbury v. Richardson,* 347 F.Supp. 785 (W.D.Mich.1972).

Accordingly, defendant's motion to dismiss is overruled.

IT IS SO ORDERED.

## ON MOTION TO RECONSIDER

On April 24, 1978, the Court entered a Memorandum Opinion and Order denying defendant's motion to dismiss this action, which had been premised on the argument that plaintiff had not sought timely review of the Administrative Law Judge's decision by the Appeals Council. Defendant has now filed a motion for reconsideration, asserting that this Court failed to consider fully *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), and that that decision forecloses the result reached by the Court. The Court disagrees.

*Sanders* is distinguishable from the present case. In *Sanders* the Supreme Court considered the advisability of independent review of agency decisions under the Administrative Procedure Act, 5 U.S.C. §§ 701–06, and rejected such a possibility. This Court recited that rule in its prior opinion. The Supreme Court then addressed the specific issue raised there: if judicial review was available only as provided in 42 U.S.C. § 405(g) — because of the limiting provisions of section 405(h) — was the Secretary's decision not to reopen the applicant's claim reviewable under section 405(g)? Concluding that such a decision could be made without a hearing, the Supreme Court found that only *final decisions made after hearings* could be judicially reviewed, precisely as section 405(g) states. *Califano v. Sanders, supra,* 430 U.S. at 108, 97 S.Ct. 980. There is really no dispute that the Secretary's decision here is utterly and irrevocably final. Moreover, the Supreme Court, citing 20 CFR §§ 404.945–947, stated that "a *discretionary appeal* from an adverse determination of the law judge lies to the Appeals Council." *Id.* at 101, 97 S.Ct. at 982. Thus defendant's claim that review by the Appeals Council is mandatory, and thus jurisdictional, must be rejected.

All that this plaintiff wishes is judicial review of the Administrative Law Judge's decision, made on the merits after a hearing. *Sanders* does not foreclose this Court from such a review:

> Congress' determination . . . to limit judicial review to the original decision denying benefits is a policy choice . . . . . Our duty, of course, is to respect that choice.

*Califano v. Sanders, supra,* 430 U.S. at 108, 97 S.Ct. at 986. The Supreme Court did not overrule *Spalsbury v. Richardson,* 347 F.Supp. 785 (W.D.Mich. 1972), and that case is consistent with the rationale of *Sanders.* Because the Court still considers *Spalsbury* to be dispositive of the issues here, defendant's motion for reconsideration must be denied.

IT IS SO ORDERED.