Teresa M. JAMES, Plaintiff,

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

No. CS–94–0108–JBH.

United States District Court,
E.D. Washington,
at Yakima.

Aug. 30, 1994.

---

Kathleen Kilcullen, Moses Lake, for plaintiff.

Rolf Tangvald, Asst. U.S. Atty., Spokane, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

HOVIS, United States Magistrate Judge.

BEFORE THE COURT is the defendant's motion to dismiss the plaintiff's complaint (Ct.Rec. 7). Oral argument was heard by the court. Rolf Tangvald, Esq., appeared for the defendant. Kathleen Kilcullen, Esq., appeared for plaintiff. Counsel for the defendant moved to withdraw the motion to dismiss. The court denied the motion to withdraw, finding that resolution of the issues raised by the motion to dismiss was both necessary and appropriate.

Defendant's motion to dismiss contends that plaintiff has failed to exhaust her administrative remedies and that the Secretary has not rendered a "final" decision. Accordingly, defendant submits that this court does not have subject matter jurisdiction to entertain plaintiff's complaint.

## FACTUAL BACKGROUND

On January 31, 1991, plaintiff filed an application for supplemental security income (SSI) benefits which was denied initially and upon reconsideration. Subsequently, plaintiff requested an administrative hearing and such a hearing was held. On May 4, 1993, an administrative law judge issued a decision denying the plaintiff's claim for benefits.

Plaintiff's attorney sent a letter to the Appeals Council dated November 29, 1993. This letter was intended as an appeal of the ALJ's hearing decision. In the letter, counsel claimed that she had not received the ALJ's written hearing decision until November 8, 1993.

The Appeals Council entered an order on February 9, 1994 dismissing the plaintiff's request for review on the basis that the request had not been filed within 60 days of plaintiff's and her counsel's receipt of the ALJ's written hearing decision. *See* 20 C.F.R. § 404.1468(a). The Appeals Council found that plaintiff had not shown good cause to extend the time for filing of the request for review. According to the Appeals Council:

> The representative has alleged that neither she nor the claimant received copies of the hearing decision until November 1993. The hearing office has reported to the Appeals Council that copies of the decision were mailed timely to both the claimant and the representative at their current addresses and that the mail was not returned by the post office. According to the hearing office personnel, the representative contacted that office on November 5, 1993, to request copies of the hearing decision. After carefully evaluating the facts in this case, the Council does not find the statements by the representative persuasive.

(Ex. 4 to Ct.Rec. 9).

Plaintiff filed this civil action on March 30, 1994 (Ct.Rec. 1). The civil action asserts that the decisions of the ALJ and the Appeals Council are not supported by substantial evidence and that this court should set aside those decisions and award the plaintiff benefits.

## DISCUSSION

In *Matlock v. Sullivan,* 908 F.2d 492 (9th Cir.1990), the plaintiff filed a complaint against the Secretary in district court seek-

ing review of the Appeals Council's dismissal of his untimely request for review. The plaintiff had failed to file a request for review by the Appeals Council within 60 days after receipt of the ALJ's written hearing decision. Instead, 18 months after the ALJ's decision, the plaintiff filed a request for Appeals Council review which effectively sought an extension of time to file his appeal. Plaintiff alleged that he had been incarcerated and this was the cause for his delay in filing his request for review. The Appeals Council dismissed the request for review on the basis that plaintiff had not demonstrated good cause for filing outside the 60 day period.

The Ninth Circuit held that the district court properly dismissed plaintiff's complaint on the basis that it did not have jurisdiction to review the Appeals Council's discretionary refusal to consider an untimely request for review. The circuit noted that the existence of jurisdiction depended on whether the Appeals Council decision constituted a "final" decision under 42 U.S.C. § 405(g). The circuit concluded that Appeals Council decisions to refrain from considering untimely petitions for review are not final decisions subject to review in federal court. *Id.* at 493.

The circuit based its decision in part on Social Security regulations and on case law. Social Security regulations permit the Appeals Council to extend the time for filing an otherwise untimely request for review where a claimant demonstrates good cause for missing the filing deadline. 20 C.F.R. § 416.-1468(b). However, the regulations also prohibit judicial review of an Appeals Council refusal to grant such an extension. 20 C.F.R. § 416.1403(a)(8); 20 C.F.R. §§ 416.-1471 and 416.1472. *Id.*

The circuit noted that in *Califano v. Sanders* ("Sanders"), 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977), the Supreme Court had held that denials by the Appeals Council of requests to reopen benefits claims for lack of good cause were not subject to judicial review because the decision was not made after a mandated hearing. According to the Court, permitting federal judicial review of such requests would frustrate Congressional intent to "forestall repetitive or

belated litigation of stale eligibility claims." *Id.* at 494 *quoting Sanders,* 430 U.S. at 108, 97 S.Ct. at 986.

The circuit also relied on its prior decision in *Peterson v. Califano,* 631 F.2d 628, 630–31 (9th Cir.1980). In that case, the Ninth Circuit used the *Sanders* rationale in finding that federal courts lack jurisdiction to review an Appeals Council rejection of a claimant's request to extend the 60–day period for filing a petition for review in federal court. Such a refusal does not constitute a "final decision" under 42 U.S.C. § 405(g). In *Peterson,* the circuit found that a claimant's request to extend the period for filing a claim for judicial review was indistinguishable from a request to reopen a disability claim. Both determinations could be made without a hearing and in both cases, the requests for extension would defeat congressional intent to limit the time for judicial review. According to the circuit, a "final" decision refers to a final decision on the merits. *Id.* (citations omitted).

Like the situations in *Sanders* and *Peterson,* the circuit in *Matlock* noted that an Appeals Council decision to hear an untimely request for review is discretionary and the Appeals Council may deny a request for an extension without a hearing. 20 C.F.R. § 416.1468(b). Permitting claimants to obtain judicial review of denials of their requests for extensions of time would frustrate congressional intent to forestall belated litigation of stale claims. *Id.*

In the instant case, if plaintiff's civil complaint is construed as nothing more than a request for judicial review of the Appeals Council's decision to not grant an extension, *Matlock* is clearly applicable and this court does not have subject matter jurisdiction. However, this court finds there is no basis for construing plaintiff's complaint as such. Rather, plaintiff's complaint seeks review of the Secretary's denial of benefits. It seeks review of the Secretary's decision on the merits of plaintiff's claim.

42 U.S.C. § 405(g) provides for judicial review of "final" decisions made by the Sec-

retary.[1]  It states:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Social Security regulations require that a claimant exhaust administrative remedies prior to seeking judicial review.  One of those administrative remedies is Appeals Council review.  *See* 20 C.F.R. § 416.1400.

In the instant case, because the Appeals Council did not allow an extension of time for plaintiff to file her request for review, she is incapable of exhausting her administrative remedies.  In other words, plaintiff cannot obtain Appeals Council review and therefore, she cannot possibly exhaust her administrative remedies.  She is in procedural default.  According to the Secretary, there is no "final" decision from which the plaintiff can appeal to this court and obtain judicial review.[2]

█  The United States Supreme Court has recognized that exhaustion of administrative remedies may be waived when a claimant has made a colorable constitutional claim.  *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).  Constitutional questions are not suited for resolution in administrative hearing procedures.  When constitutional questions are at issue, the availability of judicial review is presumed.  According to the Court:

> ... [W]e will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by " 'clear and convincing' " evidence.

*Id.* at 109, 97 S.Ct. at 986.

█  This court finds that plaintiff has asserted a colorable constitutional claim.  The plaintiff is not working and claims she cannot

work because of physical and mental impairments.  The plaintiff has a constitutionally protected property interest in receiving disability benefits.  Her interest cannot be deprived without procedural due process as guaranteed by the Fifth Amendment.  *Gonzalez v. Sullivan,* 914 F.2d 1197, 1203 (9th Cir.1990) (citations omitted).  A fundamental requirement of procedural due process is that notice must be reasonably calculated to afford parties their right to present objections.  *Id.* citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

In this case, plaintiff and her counsel claim they did not receive notice of the ALJ's written hearing decision until November 8, 1993.  Consequently, plaintiff did not file her request for review with the Appeals Council until November 30, 1993.  (Ex. 3 to Ct.Rec. 9).  The court has thoroughly reviewed the record and has not found any convincing direct or circumstantial evidence that plaintiff or her counsel had actual notice of the ALJ's decision until November 1993.

In its decision, the Appeals Council indicates that counsel contacted the Office of Hearings and Appeals on November 5, 1993 to "request copies of the hearing decision."  Counsel does not deny that contact was made on that date.  In her affidavit (Ex. C to Ct.Rec. 11), counsel states that various medical records and a letter from plaintiff's employer were sent to the Office of Hearings and Appeals in September 1993.  Counsel requested that these records be included as exhibits in the plaintiff's file.  According to counsel, these records were returned to her office on November 5, 1993.  On that same day, counsel says her legal secretary called the Office of Hearings and Appeals and was informed that the ALJ had rendered an unfavorable decision in May 1993.  Copies of the decision were then sent to counsel.

The Office of Hearings and Appeals told the Appeals Council that it had timely mailed the decision to both the claimant and her representative at their current addresses and

---

1.  42 U.S.C. § 405(g) applies to Title XVI SSI by 42 U.S.C. § 1383(c)(3).

2.  20 C.F.R. § 1400(a)(5) states that when a claimant has completed the steps of the administrative review process, "we will have made our final decision."

that the mail was not returned by the post office. The court notes, however, that the decisions were apparently not sent by certified mail, return receipt requested. A return receipt would amount to conclusive proof that the decisions had been received by counsel and/or the claimant. It is conceivable that copies of the decision were not mailed until November 5, 1993 or that the copies were somehow lost or destroyed in transit.

Furthermore, it is worth noting counsel's attempt in September 1993 to submit additional records to the Office of Hearings and Appeals. This was nearly five months after the date of the ALJ's written hearing decision. It is difficult to imagine competent counsel submitting additional records to the ALJ after receiving a hearing decision which notifies her that the next step is an appeal to the Appeals Council.[3] The undersigned is familiar with counsel. She handles numerous Social Security claims at the administrative level and before this court. Based on her knowledge and experience, the court cannot believe that the submission of records to the Office of Hearings and Appeals in September 1993 was part of an elaborate ruse to seek an extension of time to file a request for review with the Appeals Council.

If plaintiff and her counsel did not receive notice of the ALJ's hearing decision until November 5, 1993, they could not timely request review and present their objections to the Appeals Council. Based on the record before it, the court finds that plaintiff and her counsel did not receive notice until November 5, 1993. Plaintiff's procedural due process rights under the Fifth Amendment were violated.

The court does not find "clear and convincing" evidence that Congress has taken the "extraordinary" step of foreclosing the jurisdiction of this court. 42 U.S.C. § 405(g) refers to "*any final decision of the Secretary made after a hearing*." (Emphasis added). In this case, the ALJ conducted an administrative hearing on the merits of plaintiff's

disability claim. After the hearing, he issued a written decision denying the claim.

■ Because the Appeals Council refused to review the ALJ's decision, the ALJ's decision constitutes the "final" decision of the Secretary. In accord, *see Williamson v. Secretary of HEW*, 450 F.Supp. 526, 527–28 (N.D.Ohio 1978). Indeed, the Appeals Council admits as much in their order dismissing plaintiff's request for review. According to the Appeals Council, "[T]he Administrative Law Judge's decision stands as the final decision of the Secretary."[4]

This court finds that judicial review is appropriate in spite of the fact that plaintiff did not obtain review by the Appeals Council. Nonetheless, there is yet one more hurdle which the plaintiff must overcome. A civil action for review of a final decision of the Secretary must be commenced within 60 days after the date on which the decision is mailed to the claimant. 42 U.S.C. § 405(g). Plaintiff did not receive notice of the ALJ's decision until November 8, 1993.

This civil action was commenced on March 30, 1994, well after the sixty-day period had expired.

■ The sixty-day time period is not a jurisdictional requirement. Instead, it is a statute of limitations which can be waived and which can be equitably tolled. *Bowen v. New York*, 476 U.S. 467, 478–482, 106 S.Ct. 2022, 2029–31, 90 L.Ed.2d 462 (1986). The Supreme Court noted that this statute of limitations is contained in a statute which Congress designed to be "unusually protective" of claimants. *Id.* at 480, 106 S.Ct. at 2030 *citing Heckler v. Day*, 467 U.S. 104, 106, 104 S.Ct. 2249, 2250, 81 L.Ed.2d 88 (1984). According to the Court, there are cases where the equities in favor of tolling the limitations period are so great that judicial deference to the Secretary is not appropriate. *Id.*

The circumstances here mandate that this court toll the statute of limitations. The plaintiff did not receive notice of the ALJ's

---

3. There is no indication that counsel was somehow trying to get the ALJ to "reopen" plaintiff's claim.

4. The dismissal of the request for review in this instance therefore has the same effect as a denial of a request for review. *See* 20 C.F.R. § 416.-1481.

decision until November 8, 1993, at which time a request for review was promptly sent to the Appeals Council. The Appeals Council dismissed the request for review in an order dated February 9, 1994 Plaintiff commenced this action on March 30, 1994. The limitations period should be tolled from the period of November 8, 1993 through February 14, 1994.[5] Plaintiff made a good faith attempt, in accordance with the regulations, to exhaust her remedies at the Appeals Council level following her receipt of the ALJ's hearing decision. This should not be held against her in light of the fact that she did not receive the ALJ's hearing decision until six months after it had been rendered.

This civil action was commenced within sixty days after the Appeals Council order dismissing the request for review. Accordingly, the plaintiff's complaint has been timely filed and this court has jurisdiction to review the Secretary's denial of benefits.

### CONCLUSION

This court does not have jurisdiction to review the Appeals Council's dismissal of plaintiff's request for review. This court is powerless to compel the Appeals Council to review the ALJ's hearing decision. However, for the other reasons noted above, this court has jurisdiction to review the Secretary's "final" decision denying plaintiff's claim for benefits.

IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss (Ct.Rec. 7) is DENIED.

2. Within twenty (20) days of the date of this order, defendants shall serve and file an answer in this matter. A scheduling order will issue thereafter.[6]

3. Each party shall bear its own costs relative to this motion.

---

5. Although the Appeals Council order is dated February 9, 1994, there is a presumption that it would not have been received by the plaintiff or her counsel until five days after the date of the order. *See* 20 C.F.R. § 422.210(c).

6. The parties are, of course, free to stipulate to a remand to the Secretary for review of the substantive issues pertaining to plaintiff's disability claim.